## MRS. LOU F. WHITE v. JOHN H. COLE.
### No. 555.

**Vendor and Vendee—Superior Title.**

A vendor assigned a note executed for part of purchase money. Subsequently, and after the note had been barred by limitation, the vendor conveyed the land to the holder of the note. Suit was brought on the note and to foreclose the lien. The defendant pleaded limitation. The plaintiff amended by substituting an action in trespass to try title for recovery of the land. Defendant pleaded not guilty. *Held:*

1. That the superior title vested by the transfer made by the original vendor in the holder of the note, notwithstanding it was not made at date of the transfer of the note, and that the note was barred by limitation at date of the conveyance ............ ................. ................. 502

2. The transfer of the note and the subsequent execution of the deed by the vendor to the holder of the note placed her (the holder of the note) in the same position the original vendor would have occupied had he retained the note and title to date of suit........................ . ..... ....... 502

3. The vendee having forced her (the holder) by plea of limitation to rescind the contract and assert her superior title in a suit of trespass to try title, and having in such suit joined issue and relied upon the question of title without offering to perform his part of the contract, he can not complain that judgment for the land was rendered against him ............. 502

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

*R. D. Coughanour* and *A. S. Lathrop*, for application.—Counsel cited: Watson v. Flanagan, 14 Texas, 354; McPherson v. Johnson, 69 Texas, 487; Fieval v. Zuber, 67 Texas, 275; Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Baker v. Ramey, 27 Texas, 53; Dunlap v. Wright, 11 Texas, 604; Burgess v. Millican, 50 Texas, 397; Pierce v. Moreman, 84 Texas, 601; Cattle Co. v. Boon, 73 Texas, 556; Hamblen v. Folts, 70 Texas, 137; Lanier v. Foust, 81 Texas, 189; Upson v. Wells, 52 Texas, 613; McCamly v. Waterhouse, 80 Texas, 340; Frankland v. Cassaday, 62 Texas, 418; Cassady v. Franklin, 1 Texas U. C., 538; Baker v. Compton, 62 Texas, 252; Ogburn v. Whitlow, 80 Texas, 239; Russell et al. v. Kirkbride, 62 Texas, 457; Catlin v. Bennatt, 47 Texas, 167; Rogers v. Blum, 56 Texas, 6.

DENMAN, ASSOCIATE JUSTICE.—On February 20, 1886, Schultz, being the owner of four acres of land in Dallas, Texas, in consideration of $1000 cash, the assumption of two notes of $500 each, due by Schultz to Alford, and the execution by John H. Cole of a note for $1000 to the order of Schultz, dated February 20, 1886, payable one year after date, conveyed same by warranty deed, reserving vendor's lien, to said Cole; and before maturity of said $1000 note, transferred same by indorsement to Mrs. Lou F. White; and on July 7, 1891, after said $1000 note was barred by limitation, conveyed by quitclaim deed all his right, title, and interest in said land to said Mrs. White, Cole having previously paid the two $500 notes to Alford.

On September 7, 1891, Mrs. White sued Cole to recover the amount of the $1000 note and to foreclose the vendor's lien therefor on said land, and Cole pleaded in bar thereof the statute of limitation of four years, whereupon Mrs. White by amendment changed the form of her action to an ordinary action of trespass to try title, and Cole pleaded "not guilty."

Upon the above facts and pleadings the trial court rendered judgment for Cole, and on appeal the Court of Civil Appeals reversed same and rendered judgment for Mrs. White for the land.

Cole has applied to this court for a writ of error, claiming that the title to the land did not vest in Mrs. White by virtue of the transfer of the note and the deed from Schultz; because (1) the deed was not executed at the time the note was transferred; and (2) the note was barred by limitation when the deed was executed.

If the deed had been executed at the same time the note was transferred, Mrs. White would have been entitled to recover the land, though the note was barred by limitation, under the rules established in Hamblin v. Foltz & Walsh, 70 Texas, 133, and we can see no reason

why her right to recover would be affected by the fact that the transfer of the note and legal title were made at different times. Schultz was the owner of the land. The deed from him to Cole was, under the settled law of this State, a mere contract to convey, leaving Schultz the holder of the legal title to the land and the lien for security of the note.

Under the doctrine of the case above cited, if Schultz had transferred both at the same time, Mrs. White would have been placed in the same position as was Schultz before such transfer. When Schultz transferred to Mrs. White the note, he held the legal title in trust for her benefit until the note was paid (46 Texas, 313), and we see no legal obstacle to his transferring it to her at any time she might request him to do so before payment of the note.

Who could object to such transfer, and upon what ground could an objection be based? The only person interested, except the parties to such transfer, is the vendee Cole, and he can have no greater or different rights than when he received his deed, that is, to pay the money to Schultz or his assignee and receive perfect title to his land, which right would not be in the least affected adversely by the fact that the note was transferred at one time and title at another, but would be benefitted to the extent that with such transfer a release from Mrs. White would show a regular title on the record, whereas without it there would be nothing to show how the superior title passed from Schultz.

The case of McCamly v. Waterhouse, 80 Texas, 341, is cited as sustaining the proposition, that the transfer of the note by Schultz was "in effect the same as if he had accepted payment of the note instead of transferring it as he did do," and that "therefore no right or title" remained in him, and his subsequent deed to Mrs. White conveyed nothing. Language to this effect is used in said case, but it was with reference to a different subject and was not necessary to a decision of the question before the court. The real question decided in said case in no way conflicts with our views herein expressed.

We are therefore of opinion, that the transfer of the note and the subsequent execution of the deed by Schultz to Mrs. White placed her in the same position he would have occupied had he retained the note and title to date of suit, and that she was entitled to recover the land under the pleadings and proof, and that Cole, having forced her by plea of limitation to rescind the contract and resort to her superior title in a suit of trespass to try title, and having in such suit joined issue and rested his case upon a question of title without offering to perform his part of the contract, is in no position to ask that the cause be remanded to enable him to plead his equities. Land and Cattle Co. v. Boone, 73 Texas, 551.

The application is refused.

*Application refused.*

Delivered February 7, 1895.