### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY V. E. J. GURLEY.

#### No. 698.   Decided November 3, 1898.

**1.   Assignment of Error—Fundamental Error.**

A ruling by the trial court that the delivery of a deed in escrow did not have the effect of passing absolute title was not error which could be considered in the absence of an assignment.   (Pp. 232, 233.)

**2.   Executing Contract—Limitation—Equity.**

The grantee in an executory contract for the sale of land can not plead limitation against the claim for the purchase money and at the same time enforce the contract for conveyance.   (Pp. 233, 234.)

**3.   Same—Applied to Facts.**

Plaintiff sold land to a railway company, part of the consideration being the latter's promise to build a switch on his property, and delivered the deed in escrow till it should be built; this not being done he sued to recover the land, whereupon the company built the switch and pleaded performance; plaintiff then by amendment claimed damages from their failure to comply at the time agreed.   Held, that the company could not use the deed to defeat plaintiff's recovery of the land, and limitation to defeat his recovery of the damages.   (Pp. 231, 234.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Gurley sued the railway company in the District Court to recover land by reason of noncompliance by defendant with the contract of purchase.   Defendant, on complying, had judgment for the land, plaintiff recovering damages.   On defendant's appeal this judgment was affirmed, but, on cross assignment of error by Gurley, was reformed so as to make the vesting of title in the company conditional upon its payment of the damages.   The railway company obtained writ of error.

*Jno. C. Townes*, for plaintiff in error (*A. W. Houston* and *W. S. Baker*, of counsel).—The District Court erred in holding that absolute title to the land in controversy did not vest in plaintiff in error on November 1, 1889, when the deed from Gurley to it was delivered to it through its agent French.   The undisputed facts as pleaded by Gurley and proven by all the testimony, and as found by the court, showing that though the deed was understood by Gurley and French to be delivered as in escrow, still the facts were such that in law the delivery was absolute and unconditional, and the Court of Civil Appeals erred in sustaining this error by the District Court.

For effect of delivery of deed to grantee with parol conditions see: 26 Texas, 142; 61 Texas, 665; 76 Texas, 312; 1 Texas Civ. App., 392, 240; 4 Cranch, 319; 6 Am. and Eng. Enc. of Law, 858, and note; 3 Washb. on Real Prop., 584; 27 Atl. Rep., 124, 445; 37 N. E. Rep., 734.

For what constitutes fundamental error see:   1 Texas, 530; 11 Texas, 327, 576; 14 Texas, 593; 16 Texas, 13; 17 Texas, 47, 48; 40 Texas, 415;

46 Texas, 57; 49 Texas, 526; 22 Texas, 1; 54 Texas, 357; 66 Texas, 516; 67 Texas, 389.

The District Court and Court of Civil Appeals both erred in their ruling on the question of limitation in the following respects: (1) The undisputed evidence showing that the absolute, clean, and clear title to the land in controversy passed to the plaintiff in error by the contract of sale and delivery of the deed of November 1, 1889, and the possession having also passed, in any litigation regarding the same it was essential that Gurley should be the actor. His cause of action for damages, if any, arose immediately upon the breach of his contract, much over two years before the filing of his supplemental petition for damages for such breach. (2) If French could, under the law, hold the deed as in escrow, and could bind his principal contrary to his instructions, known to Gurley, still the action of the courts complained of herein is wrong, because as alleged by Gurley, and as testified by both French and Gurley, and as found by the court, the condition attempted to be attached to the company's title was the delivery of a written contract binding it to construct and maintain a switch, and was not such construction and maintenance, and the only breach which could affect the title to the land would be the failure to deliver such contract and not a failure to comply with its terms. (3) Under the undisputed testimony of both parties (French and Gurley) and the findings of the court, the deed was on its face clear, clean, and absolute, and the only condition attached was the delivery of a written contract. Upon delivery of such contract the title would have been what the principal insisted on, absolute and indefeasible, and subsequent breach of the contract as to the construction and maintenance of the switch could not have defeated it nor, under the contract, could damage arising from such latter breach be a charge upon the land, and such damage being a distinct, independent cause of action, as to it Gurley was compelled to take the initiative, and not having done so for over four years the claim was barred and the company's defense of limitation should have been sustained.

It was error of the District Court and the Court of Civil Appeals to disregard the terms of the contract between the company and Gurley and to add new terms thereto and to make the company's title to the land depend upon different conditions than those agreed upon between the parties. This they did by striking out the only condition shown by the testimony of Gurley and French, and found by the court, and substituting therefor an entirely different and much more onerous term, and making compliance with this substituted term a condition precedent to the vesting of the title in the company.

It is the duty of courts to enforce, not to make, contracts. As parties bind themselves, so are they bound. This is true in equity as in law. See 28 Am. and Eng. Enc. of Law, 932, and authorities there cited in notes.

The construction and maintenance of the switch being by agreement of parties separated from the matter of title, and made an independent

matter, failure to do these things could not affect the title of the land, and a claim for damages resulting therefrom would only be a personal debt of the company, not in anywise a charge upon the land, and would be barred in two years after it accrued.   84 Texas, 222.

*Jones & Sleeper*, for defendant in error.—The fact that the right of Gurley to recover at law his damages sustained by delay on the part of the plaintiff in error in constructing the switch is barred by limitation, will not prevent the court from imposing as a condition of a decree enforcing specific performance of the contract against Gurley, that the railway company pay Gurley his damages so sustained.   Booth v. Hoskins, 75 Cal., 271; DeWalsh v. Braman, 160 Ill., 415; Fry on Spec. Perf., sec. 745; King v. Wilson, 6 Beav., 124; Rector v. Price, 1 Mo., 380; Bennett v. Welch, 25 Ind., 140; Hamilton v. Plaut, 81 Ind., 417; Pom. Eq. Jur., secs. 385, 387; Comstock v. Johnson, 46 N. Y., 615.

An agent may be the holder of a deed in escrow to be delivered to his principal on compliance of condition by the principal.   Dev. on Deeds, sec. 316; Railway v. Iliff, 13 Ohio St., 235.

BROWN, Associate Justice.—E. J. Gurley instituted this suit to recover of the plaintiff in error certain lands described in the plaintiff's petition, and, by amendment made more than four years after the institution of the original suit, claimed damages from the railway company on the failure to perform the contract entered into as a part of the consideration of the sale of the land by the plaintiff to it.   Upon the trial the court gave judgment for the plaintiff for $1200 damages, and for the defendant, the railway company, for the land in controversy.   The Court of Civil Appeals affirmed the judgment of the District Court.

The case was tried before the district judge, who filed the following conclusions of fact:

"1.   I find that E. J. Gurley, the plaintiff, conveyed the land in controversy by warranty deed to the San Antonio & Aransas Pass Railway Company, the defendant, November 1, 1889, in consideration of $988 cash, which was then paid to plaintiff, as expressed in the deed, and (for the consideration, not expressed in the deed) the further promise of the defendant, by its agent, to execute and deliver a written contract to plaintiff to construct a switch across plaintiff's land adjacent to the land in controversy, and maintain said switch as plaintiff's, free of charge for switching.   I find that this deed was placed in the possession of A. M. French, the local agent of defendant, with the verbal agreement between A. M. French and the plaintiff that the deed was to be held in escrow by French, and not to be delivered to the defendant until it executed and delivered to plaintiff said written contract, signed by the defendant, to build said switch and maintain it free of switching charges as aforesaid.   I find that defendant agreed to put plaintiff's switch in when it built its own switches, but that plaintiff consented that it might be deferred until the line was built to his land ten or fifteen miles below

Waco. I find that on or about January 1, 1890, after the agreement was made, defendant's line was built to plaintiff's land, and that plaintiff urged defendant's agents to put his switch in, and that defendant's agents promised to do so when they could get material, etc., to build it with, and that defendant did not put plaintiff's switch in until a few days after plaintiff filed this suit, to wit, on the 16th day of May, 1892, and that defendant has not delivered said written contract to plaintiff to construct and maintain said switch, free of extra charge for switching, but that the same was to be so constructed. I further find that at the time the switch was built, to wit, about May 16, 1892, a few days after the filing of plaintiff's suit, plaintiff's agent was consulted by defendant as to the location desired for said switch on plaintiff's land, and that plaintiff's agent directed defendant where to locate it, though plaintiff did not know defendant had put in the switch until after it was in, but his agent, Rhea, knew about it, and that plaintiff was satisfied with its construction, and that immediately after it was built plaintiff acquiesced therein, and went into possession of it, and has been using and enjoying it ever since, and that the defendant has maintained it, free of charge to plaintiff for switching, ever since about May 16, 1892. And I further find that no objection was made by plaintiff at any time to the construction of the side tracks and switches across the land sued for. I find that plaintiff has never paid nor offered to pay back to the defendant the $988 cash paid plaintiff November 1, 1889, on the land sued for by plaintiff, nor offered to return nor pay defendant for the switch, worth $412, constructed by defendant over plaintiff's land, about May 16, 1892, nor any part thereof.

"2. I find that, between the dates of January 1, 1890, the time when defendant should have put in said switch, and the 16th day of May, 1892, the time when defendant did put in said switch, plaintiff, because of defendant's delay in putting in said switch, was damaged by having to move 400 cars of wood from the place where defendant delivered it to the place where it would have been delivered by defendant (in plaintiff's wood yard) if it had put in said switch, and that the cost to plaintiff for moving said wood was $3 per car, aggregating $1200 damages; and I find that the $1200 was sustained by plaintiff and caused by defendant's failure to put in said switch prior to the 16th day of May, 1892, the time when plaintiff filed his original petition in this cause; and I find that said damages were not pleaded by plaintiff until the 16th day of September, 1896, by plaintiff's first supplemental petition. I further find that defendant has paid taxes on the land in controversy since its purchase in 1889, and has made improvements thereon worth $1640."

The plaintiff in error assigns in this court that the District Court erred in holding that the delivery of the deed from Gurley to the agent of the railroad company, to be by him held until the grantee should perform the verbal agreement made at the time, did not have the effect of passing absolute title to the railroad company. This was not assigned in the Court of Civil Appeals, but it is claimed to be fundamental error

and therefore urged in this court. We do not regard this as fundamental error any more than would be any other mistake of the trial court in its judgment of the law upon any given state of facts, and not having been assigned in the Court of Civil Appeals, it is not considered by us.

The original petition was filed by Gurley against the railroad company in the District Court of McLennan County on the 17th day of May, 1892, as an action of trespass to try title to recover certain lands in the city of Waco described in the petition. The original answer of the defendant does not appear in the record and we do not know what its nature was. On the 14th day of September, 1896, the defendant railroad company filed its first amended original answer, in which it sets up the purchase of the land from Gurley for the sum of $988 cash, which was paid, and alleges that the deed from Gurley to it was duly delivered at the time. The plea set up the verbal agreement by which the defendant bound itself to put in the switch for the plaintiff and alleged that it had complied with the terms of that contract. Among other things, the amended answer in substance avers that the railroad company had in all respects complied with its contract made with the plaintiff, Gurley, but says that, if it is mistaken in this, it prays the court to require it to comply therewith so as to protect the plaintiff's rights and to quiet its title to the lands in controversy, and "for such other and further relief in law and equity as it may be entitled to." Gurley filed a supplemental petition on the 16th day of September, 1896, in which he set up the facts in detail, and among other things averred that the plaintiff had failed to comply with its agreement in this, that it had not delivered to him the written contract binding it to maintain the switch, and that it had wholly failed to construct the switch until about the 16th day of May, 1892, whereas it should have been completed by January 1, 1890; that between said dates he had been compelled to pay about $1800 for moving wood shipped upon the defendant's road to his wood yard, which he would not have been required to pay if the switch had been constructed according to the contract, and he prayed for a recovery of the damages caused by the defendant's failure.

The plaintiff in error contends that Gurley's claim for damages was barred by the statutes of limitation, because it accrued more than four years prior to the filing of the supplemental petition. The written contract to maintain the switch was an essential part of the consideration for the conveyance, and performance by defendant was not complete until it was delivered. The plaintiff in error having failed to perform its contract in full, could not invoke the equity powers of the court for the enforcement of the contract in its favor, and at the same time refuse to do equity by placing the plaintiff in as good condition as he would have been if it had performed its agreement in proper time. The deed could not be given effect by a court of equity so long as the defendant refused to pay the consideration or to perform the acts constituting such consideration or to do that which would be equivalent to perform-

ance, and we are of the opinion that, where the failure to perform occasioned damages to the grantor, such damages would be regarded by a court of equity in the same light as if they were a part of the purchase money, and the court could require the payment of such damages as condition to granting relief.   Helmke v. Railway, 21 N. Y. Supp., 345.

In the case cited the landowner had made an agreement to convey to the railroad company certain lands for right of way purposes, upon condition the railroad company should erect a fence on each side of the land.   The company took possession of the lands and operated its road, but failed for several years to build the fence; it finally erected the fence and demanded a conveyance from the landowner, which he refused to make except upon the payment to him of $250 damages sustained because the fence had not been built in the time agreed upon. The railroad company sued for the enforcement of the contract to convey; the court held that the plaintiff was not entitled to the performance of that contract until it paid the damages which accrued by reason of its failure to build the switch according to the agreement, and decreed that the landowner should convey upon the payment by the company of the damages assessed by the court.   We think that this decision is in accord with the rule established by our courts, that the grantee in any executory contract for the sale of land can not plead limitation against the claim for the purchase money and at the same time enforce the contract for conveyance.   Estes v. Browning, 11 Texas, 237; White v. Cole, 87 Texas, 500.   He who seeks the interposition of a court of equity must himself do equity, and in this case nothing short of the payment of the damages caused by the failure to perform the contract would meet the requirements of equity and justice.

We find no error in the judgment of the Court of Civil Appeals, and the judgment of the District Court, as reformed by the Court of Civil Appeals, is affirmed.

*Affirmed.*