### S. H. LUMPKIN ET AL. v. MILLARD STORY ET AL.

Decided January 18, 1911.

1.—Vendor and Purchaser—Express Lien—Limitation—Trespass to Try Title.

Defendants having pleaded limitation to plaintiffs' action to foreclose a vendor's lien expressly reserved in their deed to one under whom defendants held, plaintiffs were entitled to change their form of action to trespass to try title and recover on the superior title so expressly reserved, and against this title limitation did not run in favor of defendants until they repudiated their holding in subordination to it by pleading limitation against the suit to foreclose the lien.

2.—Trespass to Try Title—Common Source—Judgment.

Action was by the heirs of S. to recover land against his remote vendees, upon the superior title reserved in him to secure purchase money notes given by his immediate vendees. The heirs of the original patentee had sued the vendees of S. for the land, and had recovered 2/5 thereof. This defendant had acquired, and for this he was allowed recovery in the present suit. The same former judgment had awarded 3/5 of the land to the defendants therein, on their plea of limitation by adverse possession of themselves and those under whom they claimed. Held that, in the absence of evidence that such defendants had held their possession under other claim than that derived through S., the judgment should be taken as one recovered by them on their possession as claiming under S. As to the 3/5 interest so recovered and now held by the defendants, S. was the common source of title for plaintiffs and defendants in this suit, and the former were not required to show title further back than such common source.

Appeal from the District Court of Bosque County. Tried below before the Hon. ————.

*Lumpkin, Merrill & Lumpkin* and *G. P. Robertson,* for appellants.— In suit of trespass to try title, the plaintiffs must show a title to the land in controversy, either from the State of Texas, or a superior title from and under a common source. Moore v. Kempner, 41 Texas Civ. App., 86, 91 S. W., 336; Cook v. Dennis, 61 Texas, 246; Pratt v. Jones, 54 Texas, 694; Atteberry v. Barnett, 102 Texas, 118; White v. Cole, 87 Texas, 500; Byers v. Wallace, 87 Texas, 503.

When the defendant holds any other title than the one claimed by the plaintiffs, they must derive their title from the sovereign of the soil. Howard v. Masterson, 77 Texas, 41.

A judgment by agreement and consent of the parties is more than a mere contract in pais, it covers errors, can not be appealed from, and has all the force and effect of any other judgment, and is an estoppel upon the parties and their privies. Lessing v. Cunningham, 55 Texas, 231; Harding v. Harding, 49 U. S. (Law. ed.), 1066; 23 Cyc., p. 794, sec. e, and authorities there cited.

*K. R. Craig,* for appellees.—The title of appellants as to three-fifths of the land being derived from and under the sale made by appellees' ancestors by purchase from their vendees, it was not necessary for appellees, as plaintiffs below, to establish their title. Appellees' title to the three-fifths represented in said suit by the vendees, Moffett and Locklar, was adjudged superior to the title of those claiming under the grant from the State. Calder v. Ramsey, 66 Texas, 219. Having conceded on the trial that appellants were entitled to all the land recovered by the heirs of T. R. Hawkins in the suit of McMahon v. Anderson, the title of said heirs antedating the said decree is immaterial and irrelevant.

KEY, CHIEF JUSTICE.—The nature and result of this suit is stated as follows in appellants' brief: "This was originally two suits, brought by appellees, plaintiffs below, in the District Court of Dallas County, Texas; one against T. M. Moffeit, as maker of notes, S. H. Lumpkin

and Eli Walker, on the five vendor's lien notes executed by Moffeit; the other against A. A. Locklar, maker of notes, S. H. Lumpkin and Zeb Morris, on the five vendor's lien notes executed by Locklar. Moffeit, though served, never appeared or answered. Locklar was never served with citation. Lumpkin and his two tenants, Walker and Morris, being the only parties in possession of the land, filed their original answer in each case setting up: First, plea of privilege to be sued in the county of their residence; second, demurrer to the jurisdiction of the court; third, that Walker and Morris were the tenants of the defendant S. H. Lumpkin; fourth, general denial; fifth, plea of statute of four years limitation as to said land, there being 410 acres in both tracts.

"On April 24, 1906, appellees, plaintiffs below, filed their second amended original petition in said District Court of Dallas County, in the form of trespass to try title, leaving out all allegations as to the notes. The said Lumpkin and his tenants in said District Court of Dallas County, filed their amended answer, setting up substantially the same defense as in their original answer, with the addition of a plea of not guilty, and the plea of three, five and ten years limitation.

"On May 21, 1906, trial was had in said case of appellees, plaintiffs below, against Moffeit et al., and resulted in a judgment overruling the plea of privilege and demurrer to the jurisdiction, and giving appellees three-fifths of the land. Lumpkin and Walker perfected their appeal, and the case was transferred to the Court of Civil Appeals at Austin, and while the case was pending on appeal, the Thirtieth Legislature amended the venue statute by adding articles 1194a, 1194b and 1194c, and the Court of Civil Appeals reversed said judgment with instructions to change the venue of said case to the District Court of Bosque County. See Lumpkin et al. v. Story et al., 49 Texas Civ. App., 332, 108, S. W., 485.

"In obedience to the ruling in said case, supra, both cases were transferred to the District Court of Bosque County, and filed therein on September 7, 1908. On December 5, 1908, the defendant Lumpkin, in both cases, filed his second amended original answer in the District Court of Bosque County, pleading, first, general demurrer; second, general denial and plea of not guilty; third, statute of three years limitation; fourth, statute of five years limitation; fifth, statute of ten years limitation; sixth, suggestion of good faith improvements. The defendants Walker and Morris each plead that they were yet tenants of the said Lumpkin and disclaimed title to the land.

"On December 5, 1908, the appellees, plaintiffs below, and the defendant Lumpkin and his tenants Walker and Morris, filed an agreement to consolidate the two suits. On March 15, 1909, the two suits were, by order of the court, consolidated.

"On the trial of this consolidated case in the District Court of Bosque County, appellees, plaintiffs below, only read as evidence of title the two deeds, both dated November 21, 1892, from A. A. Story and J. W. Story (one) to T. M. Moffeit for the 205 acres out of the T. R. Hawkins 918⅔-acre survey, alleged to be patented to him by patent No. 91, vol. 2, by metes and bounds. The other to A. A. Locklar for a like number

of acres, 205, out of the T. R. Hawkins survey, and described by metes and bounds, both tracts containing 410 acres, and is the same land described in the Lumpkin title papers as being 210 acres and 200 acres by field notes, making in all the 410 acres in the consolidated case. The vendor's lien was retained in the deeds; and deeds of trust were also given to secure said ten vendor's lien notes of Moffeit and Locklar.

The appellees, plaintiffs below, are the heirs at law of A. A. Story and J. W. Story, deceased, and succeed to whatever title, if any, they had in the land in controversy. The record shows and the facts are all uncontroverted, that appellant's (Lumpkin's) title is as follows: First. State of Texas to T. R. Hawkins, patent No. 91, vol. 2, dated July 21, 1846, for 918⅔ acres of land out of which the 410 acres in controversy is a part. The court excluded this patent, but appellees' two deeds both claim that said land is out of the T. R. Hawkins 918⅔-acre survey patented to him July 21, 1846, by patent No. 91, vol. 2, and appellees, plaintiffs below, in their petition, allege that said land is out of the T. R. Hawkins 918⅔-acre survey, patented to him July 21, 1846, by patent No. 91, vol. 2, and even the judgment in this case says that said land is out of the T. R. Hawkins 918⅔-acre survey, patented to him July 21, 1846, by patent No. 91, vol. 2.

"Second. It was admitted that James R. McMahan and Laura A. Davis and her husband, the plaintiffs in cause 1996, were the sole heirs at law of T. R. Hawkins, deceased, who died in 1849.

"Third. By the judgment in cause No. 1996 of James R. McMahan et al. v. G. W. Anderson et al., and the order of sale and writs of restitution issued thereunder and the sales to the said Lumpkin of said 410 acres of land in two tracts of 200 and 210 acres, the deed from J. R. McMahan of his interest in said judgment, all put the legal and equitable title to said lands in the appellant S. H. Lumpkin on January 5, 1897.

"Fourth. Deeds from S. H. Lumpkin to Belle Locklar, dated January 6, 1897, for the 210 acres, and to Mrs. L. E. Moffeit of same date for the 200 acres, and the reconveyance of said lands in consideration of the cancellation of the purchase money notes made by the vendees, back to the appellant S. H. Lumpkin, the last deed being made by Mrs. Belle Locklar, joined, pro forma, by her husband, A. A. Locklar, on April 5, 1900, and filed for record same day, put the fee simple title to all of said 410 acres of land in the appellant S. H. Lumpkin.

"The further uncontroverted evidence is that appellant S. H. Lumpkin, defendant below, took possession of said 410 acres of land on January 5, 1897, and has by himself and his vendees, been in continuous and uninterrupted adverse possession of the same under deeds duly registered and paying all taxes due thereon for each and every year, cultivating, using and enjoying the same since said date; more than three years, more than five years and more than ten years before the institution of this suit.

"This consolidated case was tried on April 1, 1909, and resulted in an instructed verdict for appellees, plaintiffs below, for three-fifths of said 410 acres of land, and appellant S. H. Lumpkin, two-fifths of said land, to which appellant excepted."

Appellees concede that appellants' statement is substantially correct, but submit in their ·brief what they term a clearer statement of the issues involved, as follows:

"Appellees' ancestors, by deeds dated November 21, 1892, sold to T. M. Moffett 205 acres of land out of the T. R. Hawkins 918⅔-acre survey, situated in Bosque County, Texas, and to A. A. Locklar 205 acres out of the same survey. To secure the payment of the purchase money in the deed to Moffett, which unpaid purchase money consisted of nine certain promissory notes for the sum of $100 each, a vendor's lien was expressly retained in the deed. This deed was filed for record in the office of the county clerk of Bosque County on the 10th of December, 1892, and duly recorded in volume 20, pages 389 and 390, Deed Records of said county. At the same time a deed of trust on the land conveyed was executed by Moffett to M. J. Dart, as trustee, to secure the payment of said notes, the last five of which said notes were given the preference lien over the first four notes.

"In the deed from Story and wife to A. A. Locklar nine notes were executed for the purchase money and a vendor's lien expressly retained in the deed to secure the payment of the notes, the last five of which were made a preference lien over the first four. This deed was dated the 21st of November, 1892, filed for record on 10th December, 1892, and recorded on 26th December, 1892, in deed records of Bosque County.

"At the same time of the execution of the deed, A. A. Locklar, the vendee, executed a deed of trust on the land conveyed to M. J. Dart, as trustee, to secure the payment of the notes mentioned in the deed. This deed of trust was duly acknowledged and filed for record on the 10th December, 1892, and recorded on the 13th December, 1892, in the records of Bosque County.

"The deed of trust executed by T. M. Moffett to M. J. Dart was likewise duly acknowledged and was filed for record on the 10th December, 1892, and recorded on the 12th December, 1892, in the records of Bosque County. Subsequently, the heirs or alleged heirs of T. R. Hawkins brought suit in the District Court of Bosque County against Moffett and Locklar, together with other persons occupying the land, in trespass to try title for the recovery thereof. Appellees' ancestors, A. A. Story and J. W. Story, both of whom were then living, were not made parties to this suit. Neither was the J. B. Watkins Land & Mortgage Company, which at that time held the notes on which these suits were originally instituted, made a party to said suit.

"Appellees' ancestors and the Watkins company both had private notice from the vendees, Moffett and Locklar, of the pendency of the suit. No appearance, however, was made in the suit by either of them. On February 17, 1896, the following decree was entered in said cause:

" 'James R. McMahan et al., No. 1996, v. G. W. Anderson et al.

" 'In the District Court, Bosque County, Texas, January Term, A. D. 1896. Now, in the above entitled and numbered cause, came the plaintiffs, James R. McMahon, Laura A. Davis and her husband, S. C. Davis, by their attorneys, and the defendants, G. W. Anderson, A. A. Locklar,

Vol. LXIII Civil-39.

T. M. Moffett, Mrs. E. A. Smith, a femme sole, J. F. Parks, T. J. Ray and W. F. Ray, by their attorneys, and enter into the following agreement of settlement of the matters involved between them:

" 'First. The evidence taken in this case and now on file discloses that the plaintiffs are the heirs and issue thereof of Timothy R. Hawkins, deceased, to whom the land in controversy was patented, and discloses the fact that the statute of five and ten years limitations apply to an equal, undivided three-fifths of the land sued for, and as plead by defendants. And it is agreed that the said defendants have title to the several parcels of the said land claimed by them and described in their answer, respectively, to the extent of three-fifths thereof by reason of their pleas' of limitations of five and ten years, and that the plaintiffs James A. McMahon and Laura R. Davis are entitled to the establishment and recovery of two-fifths undivided interest in the whole of the land sued for and described in their petition, equal to a like interest in each parcel claimed by each of the said defendants. It is agreed that said tract of land, exclusive of all improvements, and each separate parcel as claimed by all of the defendants, excluding all improvements, is worth $2.50 per acre. And the plaintiffs herein agree that the court may decree title out of them and each of them, and vest in said defendants, to the whole of said land as claimed by said defendants, as shown by their answer, for $1.00 per acre for the whole of such parcel, equal to $2.50 per acre for two-fifths thereof, payable one-third on or before December 1, 1896, one-third on or before December 1, 1897, and one-third on or before December 1, 1898, with 10 per cent interest thereon from date until paid. All interest due and payable December 1 of each year until the whole sum shall have been paid; and decreeing a vendor's lien and the foreclosure thereof for such sums, and provisions for order of sale in default of such payment. Which terms and agreements these defendants accept, and both parties now agree that such judgment may be entered and that defendants pay all costs of this suit.

" 'Eldon & Burns, and Gillter & Hale, Attys. for Plaintiff.

" 'Robertson & Robertson, Attys. for Defendants.'

"Following such recital the decree continued: 'And it further appearing to the court from the evidence, agreement and statements of counsel before the court that the plaintiffs James R. McMahon and Laura A. Davis, the wife of S. C. Davis, are the heirs and issue thereof of Timothy R. Hawkins, deceased, to whom the land involved in this suit was patented, and as such heirs are entitled to recover said land sued for, and it further appearing to the court that the defendants and each of them and those under whom they and each of them severally claim, have title to an equal undivided three-fifths of the respective tracts claimed by each of the defendants as hereinafter described, which title the said defendants have acquired by statute of five and ten years limitation, the said three-fifths undivided interest may have been inherited by plaintiff from their grandmother and mother, Susan, who was the wife of Timothy R. Hawkins, deceased, the said Susan having died in 1886, when her said three-fifths interest descended to the mother of plaintiff James R. McMahon, who died in 1890, and to plaintiff Laura

A. Davis. It is therefore ordered, adjudged and decreed by the court, that the plaintiff James R. McMahon and Laura A. Davis, wife of S. C. Davis, do have and recover of and from the defendants G. W. Anderson, A. A. Locklar, T. M. Moffett, Mrs. E. A. Smith, a femme sole, J. P. Parks, T. J. Ray and W. F. Ray, an equal undivided two-fifths of, in and to the several parcels of land sued for, described by metes and bounds as follows: 167⅔ acres, more or less, in possession of and claimed by G. W. Anderson, beginning, etc.,' describing the tract. 'Also 210 acres, more or less, in the possession of and claimed by A. A. Locklar,' etc. (giving field notes); 'also 200 acres, more or less, in possession of and claimed by the defendant T. M. Moffett,' etc. (giving field notes). And so on with each of the defendants, concluding that part with: 'And it appearing to the court that the plaintiffs are the legal and equitable owners of two-fifths of all of said land and premises, and are entitled to possession of the same, and that their said interest is fixed and established, and for which the said plaintiffs may have their writ of possession. And it is further ordered, adjudged and decreed by the court that the said defendants G. W. Anderson, A. A. Locklar, T. M. Moffett, Mrs. E. A. Smith, J. P. Parks, T. J. Ray and W. F. Ray do have and recover of and from said plaintiffs James R. McMahon, Laura A. Davis and her husband, S. C. Davis, and each of them, the remaining three-fifths' equal, undivided interest in the land sued for and described in the parcels occupied and claimed by each of the said defendants herein described, to the extent and to the land claimed and occupied by the defendants, respectively, by reason of their pleas of five and ten years limitation, which interest is fixed and established in the said defendants, and to the extent that the said defendants are quieted in their title and possession of the said several parcels of the land described herein as claimed and occupied by them, respectively, which covers and includes the whole of the land sued for by the said plaintiff.

" 'And it further appearing to the court from the agreement of the parties that the land sued for is worth $2.50 per acre, excluding all improvements and that the plaintiffs James R. McMahon and Laura A. Davis, wife of S. C. Davis, are willing to take the said sum to the extent of their said interest in the said land, payable one-third on or before December 1, 1896, and one-third payable on or before December 1, 1897, and one-third payable on or before December 1, 1898, with 10 per cent interest per annum from this date until paid, all interest payable annually December 1 of each year, until the whole shall have been paid. And in case said interest or either of said installments are not promptly paid when due, then all of said indebtedness shall immediately fall due, and the clerk is in that event ordered to issue writ or writs of order of sale against each party so failing for his or her entire tract of land, and that said defendants and each of them have accepted said proposal of plaintiffs and that said offer and acceptance is fair and equitable and satisfactory to the parties. It is therefore further ordered and decreed by the court that all the right, title and interest of the plaintiffs James R. McMahon, Laura A. Davis and her husband, S. C. Davis, of,

in and to the land sued for, be and it is hereby divested out of them and each of them and vested in the said defendants, G. W. Anderson, A. A. Locklar, T. M. Moffett, Mrs. E. A. Smith, J. P. Parks, T. F. Ray and W. F. Ray, and each of them to the said several parcels of the land sued for and occupied and claimed by the said defendants as herein described, subject to said debt at $1 per acre and all interest on all of said land, and that the vendor's lien for the payment of said land at the rate of $1 per acre, equal to two-fifths interest at $2.50 per acre, is hereby fixed, established and foreclosed against the said defendants to the amount and extent as follows:' (Naming the amount against each one, including) 'A. A. Locklar, 210 acres as described in this decree, for $210; T. M. Moffett, 200 acres as described in this decree for $200.' The decree then provides for the payment of the several sums and interest in the installments and at the dates as previously stated and directing in the event of default by any one of the defendants that order of sale issue for the sale of such part for the satisfaction of the judgment against him, and directing the sheriff to place the purchaser at such sale in possession. Adjudged costs against defendants.

"Appellant Lumpkin claims title to the land, the three-fifths involved in this appeal, through the sales made under the agreed foreclosure provided for in said decree.

"Subsequently, appellees, who had acquired the vendor's superior title by inheritance and were the owners of the notes by transfer from the J. B. Watkins Land & Mortgage Company, brought suit on the respective notes against Moffett and Locklar, as stated in appellants' statement of the case, and subsequent proceedings were had in the matter, as stated by appellants."

*Opinion.*—In substance and generally speaking, appellants' brief urges but two grounds for reversal, which are, first, that the plaintiffs failed to show title to any of the land and failed to show common source of title; and, second, that appellant Lumpkin showed title by limitation. It is true that the plaintiffs did not show a chain of title from the government to themselves, but we are of opinion that they proved that they and the descendants were claiming title under a common source. They claimed title as the children and heirs of A. A. and J. W. Story, and they showed that the defendants were claiming under the Storys, because their vendors, Moffett and Locklar, held under deeds from the Storys; and the plaintiffs' title was superior to the title conveyed by the Storys to Moffett and Locklar by deeds retaining a vendor's lien for purchase money which had not been paid. When the defendants pleaded limitation against the purchase money notes the plaintiffs had the right to change their cause of action, rescind the contract of sale and recover the land. (White v. Cole, 87 Texas, 500.) It is true that the decree rendered in the suit brought by the heirs of Timothy R. Hawkins, the original grantee of the land, against Moffett and Locklar and others, recites and establishes the fact that Moffett and Locklar had title to a three-fifths undivided interest in the respective tracts claimed by each by and under their pleas of five and ten years limitation. But it was

not made to appear that the titles thus held were not derived from the Storys and conveyed by the deeds from the latter. In fact, the decree referred to recites the fact "that the defendants and each of them, *and those under whom they and each of them severally claim,* have title to an equal, undivided interest of three-fifths of the respective tracts claimed by each of the defendants," etc. Moffett and Locklar were two of the defendants therein referred to; they held under deeds from the Storys; and, in the absence of any testimony tending to show that they had bought from or were then holding under some other person, we think the decree referred to must be construed as reciting the fact that the title by limitation referred to was either acquired by the Storys before they sold to Moffett and Locklar, or was based upon the connected adverse holding of the Storys and Moffett and Locklar. Hence we conclude that it does not appear that Moffett and Locklar had or asserted title to any of the land derived from a source separate and distinct from their claim under the Storys; and, this being the case, we hold that it was shown that both parties were claiming under a common source of title. It is not necessary for us to determine whether or not the decree rendered in the former suit was binding upon the plaintiffs in this suit. They have seen proper to abide by that decree, and have recovered in this suit only the amount of land that was awarded to Moffett and Locklar by that decree. Nor is it material that appellant Lumpkin had acquired the interest of James R. McMahon and his attorneys in the decree referred to. He did not thereby acquire any interest in the three-fifths of the land that was awarded to Moffett and Locklar.

Having held that the proof shows that plaintiff and the defendant Lumpkin were claiming under common source of title, it follows that limitation was not available as a defense. Moffett and Locklar having accepted deeds from the Storys, their possession and that of Lumpkin, their vendee, was not adverse to the Storys, and those succeeding to their rights, until Moffett and Locklar, or their vendees, repudiated the Story title; which, it seems, was not done until they pleaded limitation to the suit brought upon the purchase money notes.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.