BUNN v. CITY OF LAREDO. (No. 6131.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919. Rehearing Denied Feb. 12, 1919.)

1. CONSTITUTIONAL LAW ⟨⟩171, 191—LIMITATION OF ACTIONS ⟨⟩3(2)—STATUTES SHORTENING PERIOD—VALIDITY.

Const. art. 1, § 16, forbidding retroactive laws, or laws impairing obligation of contracts, contemplates only that a statute shortening the period within which an action may be brought shall allow a reasonable time within which to assert rights.

2. TRESPASS TO TRY TITLE ⟨⟩6(1)—PLAINTIFF'S TITLE—SUFFICIENCY.

In trespass to try title, plaintiff must recover, if at all, upon the strength of his own title, and not upon the infirmity of defendant's title.

3. TRESPASS TO TRY TITLE ⟨⟩9—PLAINTIFF'S TITLE—SUFFICIENCY.

Plaintiff, whose title depended upon deed from defendant city, could not maintain trespass to try title, deed upon its face showing superior title in defendant.

4. ADVERSE POSSESSION ⟨⟩111 — TITLE BY LIMITATIONS—PLEADING.

Title by limitation cannot be maintained unless specially pleaded.

5. APPEAL AND ERROR ⟨⟩1178(8)—REMAND—GROUNDS.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1616, court on appeal is not authorized to reverse and remand to enable a party to amend his pleading.

6. VENDOR AND PURCHASER ⟨⟩100—FORFEITURE FOR NONPAYMENT—LIMITATIONS.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, have no application to contracts giving power to forfeit for nonpayment, but only bar enforcement of a superior title, or the foreclosure of vendor's lien.

7. CONTRACTS ⟨⟩318 — VALIDITY OF PROVISIONS FOR FORFEITURE.

A clear stipulation for a forfeiture will be enforced.

8. CONTRACTS ⟨⟩318 — COMPLIANCE WITH PROVISIONS.

The manner provided for exercising the right of forfeiture must be strictly complied with.

9. LIMITATION OF ACTIONS ⟨⟩167(3)—ACQUIRING TITLE.

Even if plaintiff had pleaded title by limitations, and even if defendant's right to enforce superior title or foreclose its vendor's lien was barred by Vernon's Sayles' Ann. Civ. St. 1914,

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted by Supreme Court March 26, 1919.

arts. 5694, 5695, where plaintiff's deed showed that he held title in subordination to the right of defendant city he could not recover without proving that debt had been paid.

10. VENDOR AND PURCHASER ☞278—REMEDIAL STATUTES.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, as to when rights under vendor's lien are barred, should be construed as remedial.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Trespass to try title by T. A. Bunn against the City of Laredo. Judgment against plaintiff, and he appeals. Affirmed.

T. C. Mann, of Laredo, for appellant.
A. Winslow, of Laredo, for appellee.

SWEARINGEN, J. T. A. Bunn, the appellant, brought this suit against the city of Laredo to recover four blocks of land in the city of Laredo of the alleged value of $1,000. The suit brought was in the usual statutory form of trespass to try title, wherein it was alleged that Bunn was the owner in fee simple of said land on the 1st day of July, 1917, and was lawfully seized and possessed of same, and that the city of Laredo on said date unlawfully entered upon said premises and ejected said Bunn and still unlawfully withholds from him said land.

The city of Laredo entered a plea of not guilty, and specially answered that it owned the property sued for on September 14, 1889, on which date it executed a deed in which was expressly reserved the vendor's lien to secure payment of purchase-money notes received by it as part of the consideration; that said purchase-money notes were never paid. The answer further averred that the city of Laredo sold the property in pursuance of an ordinance previously adopted, which ordinance required that a right of forfeit be expressly reserved in the deed and notes. The deed and notes executed in September 14, 1889, for the land in controversy, did expressly reserve the right in the city to forfeit the land in the event default was made in the payment of the notes according to their face.

The answer averred that default was made, and that the city did forfeit the land as provided in the ordinance and the deed made in pursuance thereof.

It was further averred in the answer that the city was, at and long prior to the institution of this suit, in the actual possession of the said property, having built a hospital on a part of same which hospital was being operated for the public welfare.

The cause was submitted to the court without a jury. Judgment was rendered against the appellant, Bunn.

The trial court filed its findings of fact and conclusions of law, wherein it was found that the city of Laredo did make the deed herein involved by virtue of an ordinance requiring vendor's lien notes and the stipulation of forfeiture for nonpayment of notes; that the deed and notes both contained appropriate notice of the right of forfeiture. The ordinance was passed in 1888. The deed was executed September 14, 1889. The notes bore the same date of the deed, and were made payable 20 years after their date, or September 14, 1909. The notes were never paid nor any part thereof. The city of Laredo exercised its right to forfeit the land in the manner provided therefor, and took actual possession of the property, and was in such possession when this suit was filed. Appellant nor any of his grantors, other than the city, had ever been in actual possession of the said property.

Appellant submits 11 assignments, wherein it is clearly and concisely contended that the court committed material errors. But as all the alleged errors grew out of the trial court's refusal to give such construction to articles 5694 and 5695 of the statutes as would vest title to the land in appellant, when the deed under which appellant claimed showed the superior title in appellee, we feel that a detailed treatment of the assignments is unnecessary.

It must be admitted that, if the city of Laredo had brought this suit to foreclose its vendor's lien or recover the land by virtue of its superior title, such suit would have been barred by articles 5694 and 5695 of the statutes, as shown by the following facts: Date of deed and notes, September 14, 1889— "prior to July 14, 1905"; maturity of notes, September 14, 1909. Add three days grace (Tullos v. Mayfield, 198 S. W. 1073); September 17, 1909, is date of maturity of the notes. These notes were not barred by any statute until four years after maturity, or until September 17, 1913. When article 5694 became effective there remained more than a month during which appellee could have brought its suit on the deed or notes. The last amendment of article 5695 extended the time until November 19, 1914.

[1] This reasonable time allowed the city in which to assert its rights was all the Constitution required. Constitution of Texas, art. 1, § 16; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249; Cathey v. Weaver, 193 S. W. 490; Laredo v. Salinas, 191 S. W. 190; McCutcheon & Church v. Smith, 194 S. W. 831; Clark v. Mussman, 203 S. W. 380; Godley v. Slaughter, 202 S. W. 802; Henson v. Slaughter, 206 S. W. 375.

But the city of Laredo did not bring this suit to either foreclose its vendor's lien or to recover the land on its superior title.

Appellant brought the suit against the de-

fendant city. The form of the suit was trespass to try title. The city claimed to have exercised its contract right of forfeiture. To a layman this may seem like a distinction without a difference; but very well established rules of law are invoked, with contrary results.

[2] In the first place, in his trespass to try title suit the appellant must recover, if at all, upon the strength of his own title.

[3] Appellant's title depended upon the original deed from the appellee city. That deed, upon its face, showed the superior title to be in the city of Laredo; and appellant could not maintain trespass to try title against appellee city, in possession of the land. Masterson v. Cohen, 46 Tex. 523.

It appears, however, from appellant's brief, to be insisted that the deed, aided by the statutes (sections 5694, 5695), vested in appellant the title. It being admitted that the deed on its face shows superior title in appellee, it is urged that sections 5694 and 5695 vest the title in appellant; in other words, that appellant has title by limitation.

[4] Title by limitation cannot be maintained unless specially pleaded. The petition by appellant does not specially plead title by limitation, but is that prescribed by the statute in trespass to try title. Erp v. Tillman, 103 Tex. 584, 131 S. W. 1057; Molino v. Benavides, 94 Tex. 413, 60 S. W. 875; Miller v. Gist, 91 Tex. 335, 43 S. W. 263; Mayers v. Paxton, 78 Tex. 198, 14 S. W. 568; Tillman v. Erp, 121 S. W. 547; Cook v. Houston Oil Co., 154 S. W. 282.

[5] This failure to specially plead title by limitation requires us to affirm the present judgment, for this court is not authorized to reverse and remand a cause to enable a party to amend his pleading. V. S. R. Civ. St. § 1616; Tillman v. Erp, 121 S. W. 547.

[6] One of the reasons upon which the trial court based its judgment was that the statutes of limitations (articles 5694 and 5695) had no application to contracts giving the power to forfeit for nonpayment. The court held that the said articles only barred the enforcement of the superior title or the foreclosure of the vendor's lien; that article 5693 barred the right to exercise a power of sale given in deed of trust or mortgage; that the contract right to forfeit for nonpayment is not barred by either of the said articles. In this view of the trial court we concur. Bailey v. Burkitt, 201 S. W. 725; City of Ft. Worth v. Rosen, 203 S. W. 84.

[7] A clear stipulation for a forfeiture will be enforced. 13 C. J. 608, § 642; Security L. Ins. Co. v. Underwood, 150 S. W. 298.

[8] The manner provided for exercising the right of forfeiture must be strictly complied with. Chambers v. Robison, 107 Tex. 315, 179 S. W. 123.

[9] Then again, even if appellant had specially pleaded title by limitation, and even if the appellee had not exercised its right of forfeiture, still we are of the opinion that appellant could not prevail in the present suit, because articles 5694 and 5695 are limitations upon the remedy, and not upon the substantive rights. By these articles the right to use the courts for enforcement of the contracts ceased at a specified time. The conclusive presumption of payment also goes to the right of procedure in the courts. The statutes do not destroy the actual rights of the parties, though in many cases the bar of the remedy, either by taking away the right to maintain a suit or the right to introduce evidence upon a trial, reaches the precise result that would be reached had the statute actually destroyed the right itself, and not the remedy only; but not in all cases. The principle involved is clear, and is too well understood for further comment. S. A. & A. P. Ry. v. Gurley, 92 Tex. 233, 47 S. W. 513; White v. Cole, 87 Tex. 500, 29 S. W. 759; Cooley on Const. Law, pp. 522–524 (7th Ed.); 17 R. C. L. p. 681, § 25; 12 C. J. 389; Erp v. Tillman, 103 Tex. 584, 131 S. W. 1057; Cathey v. Weaver, 193 S. W. 490; De Cordova v. City of Galveston, 4 Tex. 474; Gautier v. Franklin, 1 Tex. 736.

Applying the rule to the facts here, it appears that, when appellant introduced this deed in evidence, that instrument showed that appellant held the land in subordination to the right of the appellee. Hardy v. Wright, 168 S. W. 463; Gilbough v. Runge, 99 Tex. 539, 91 S. W. 566, 122 Am. St. Rep. 659; Buckley v. Runge, 136 S. W. 533.

Before appellant could demand a recovery by virtue of the deed, he must prove the debt was paid. That appellee could not enforce the debt by suit, or in suit could not establish it by evidence, does not relieve appellant, who claims the equitable right, and invokes the equity powers of the court, from the obligation to pay the notes as promised before he can have the legal title. White v. Cole, 87 Tex. 500, 29 S. W. 759; S. A. & A. P. Ry. Co. v. Gurley, 92 Tex. 233, 47 S. W. 513.

[10] We do not mean to say that all statutes of limitation reach only the remedy. We mean that articles 5694 and 5695 should be construed as remedial statutes only.

In the case before us the appellee was in actual possession of the land in controversy, claiming and using it as its own. Under the facts of this case, articles 5694 and 5695 did not vest title in appellant, and did not divest title out of appellee. Articles 5694 and 5695 were never intended to be controlled by article 5679 nor to have the effect of the adverse possession limitation statutes. The said articles 5694 and 5695 bar the appellee from maintaining a suit, but do not furnish appellant a title upon which to maintain a suit brought by him. Goldfrank, Frank & Co. v. Young, 64 Tex. 435; White v. Cole, 87

Tex. 500, 29 S. W. 759; S. A. & A. P. Ry. v. Gurley, 92 Tex. 229, 47 S. W. 513; 17 R. C. L. 681, § 25; Buty v. Goldfinch, 74 Wash. 532, 133 Pac. 1057, 46 L. R. A. (N. S.) 1070, Ann. Cas. 1915A, 604.

None of the assignments present error that would require a reversal of the judgment here assailed.

We overrule all the assignments.

The judgment is affirmed.

---

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes