**STONE v. ROBINSON et al. (No. 262–3479.)**

(Commission of Appeals of Texas, Section A. Dec. 7, 1921.)

**1. Contracts ⬅️138(1)—Illegal contract of sale does not defeat vendor's title.**

In trespass to try title, where it was agreed that plaintiff held title from the sovereignty, defendants cannot defeat such title by showing an illegal contract to convey the land to them in furtherance of a lottery scheme, since to permit such defense would be to give the illegal contract the effect of transferring the title.

**2. Contracts ⬅️138(1)—Illegal transaction does not defeat recovery by one who does not rely on it.**

To determine whether a demand connected with an illegal act can be enforced, the test is whether the plaintiff requires any aid from the illegal transaction to establish his case, and if he does not the illegal transaction is not a defense to his cause of action.

**3. Adverse possession ⬅️71(1)—Illegal contract to defendants is inadmissible to sustain plea of limitations.**

In trespass to try title, where plaintiff showed title from the sovereignty, defendant cannot rely upon an illegal contract for sale of the property by plaintiff to defendants to sustain their plea of the four years' statute of limitations.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Trespass to try title by J. B. Stone against Jim Robinson, Jr., and others. A judgment for defendant on directed verdict was affirmed by the Court of Civil Appeals (218 S. W. 5), and plaintiff brings error. Reversed and rendered.

Bean & Klett, of Lubbock, for plaintiff in error.

Percy Spencer, of Lubbock, for defendant in error.

RANDOLPH, J. For the sake of brevity, the plaintiff in error and the defendants in error will be termed plaintiff and defendants.

On the 9th day of September, 1909, plaintiff conveyed to defendant Jim Robinson, Jr., 40 acres of land in Lubbock county, Tex., receiving as a part consideration for said conveyance two notes of that date, each for the sum of $3,500, payable to the plaintiff on or before one and two years after date, respectively, and signed by said defendant, to secure the payment of which note an express vendor's lien was retained in the conveyance. On the same day there was executed by plaintiff a power of attorney appointing one Posey his attorney in fact to execute releases of the vendor's lien upon lots as they were sold and the money deposited in the Lubbock State Bank.

There were payments upon the two notes, but, when they were not paid as a whole, suit was instituted in the district court of Lubbock county, cause No. 834. Upon the trial of that case judgment was rendered for plaintiff in part and for defendants in part, and appeal was taken to the Court of Civil Appeals for the Seventh Supreme Judicial District. Under agreement of counsel the only question which the Court of Civil Appeals was to adjudicate was whether or not the district court had properly construed the power of attorney to Posey. The Court of Civil Appeals held that the district court had not properly construed that instrument, and reversed and remanded the case. Stone v. Robinson et al., 180 S. W. 135. After the reversal of the case the defendants filed in the district court their amended pleading, in which, among other defenses, for the first time they pleaded the illegality of the sale and sale contract evidenced by the deed from plaintiff to defendant Robinson, in that same was void for the reason that said sale contract and deed from plaintiff and wife to defendant Robinson were executed and delivered to the defendant Robinson in pursuance of a plan to dispose of said acreage property by a lottery scheme in violation of the laws of Texas.

The case being again tried before the district court, judgment was rendered by that court refusing relief to plaintiff, and ordering that the plaintiff take nothing by his suit as against all of the defendants. The case was again appealed to the Court of Civil Appeals of the Seventh Supreme Judicial District, and upon hearing was affirmed. 203 S. W. 1132.

The plaintiff, abandoning any further effort to insist upon his foreclosure, having

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made no application to the Supreme Court for writ of error, and not having filed a motion for rehearing, so far as the record discloses, in said cause, proceeded to file suit in trespass to try title in the district court of Lubbock county in cause No. 1188 against Jim Robinson, Jr., and others, seeking to recover the land which had been in controversy in cause No. 834. The defendants here directly concerned in this writ of error proceeding appeared and answered, setting up in their answer the following: General demurrer, plea of not guilty, that plaintiff had previously elected his remedy, res adjudicata, and the statutes of limitation of three, four, and five years—it not being necessary for the consideration of this case at this time to state the pleadings of the parties further, except to say that the defendant's plea involved the defense that the plaintiff's cause of action was based upon an illegal transaction, to wit, a lottery scheme.

The district court instructed the jury to return a verdict against the plaintiff, and on that verdict rendered judgment that plaintiff take nothing by his suit. On appeal to the Court of Civil Appeals at Amarillo, the case was affirmed. 218 S. W. 5. The plaintiff insisted in the lower court and in the Court of Civil Appeals that, his action being in the form of trespass to try title, it was only necessary for him to show title in himself from the sovereignty of the soil in order that he should recover, and that the district court erred in instructing a verdict and in rendering judgment against him. This contention the Court of Civil Appeals refused to sustain, and as their reason for not doing so upon the question of the illegal lottery scheme hold as follows:

"If the trial had ended with the introduction of mesne conveyances, showing title in him from the state, this contention would be correct. His former suit was an effort to collect the amount of the notes and to foreclose his vendor's lien. * * * Having been defeated in this effort by appellee's plea and proof, showing an illegal contract, this action was filed to recover the land, upon the theory that the contract of September 9, 1909, was an executory contract, under which the superior title remained in him. While it is true that under the contract appellant retained the superior title, this fact does not preclude appellee from interposing in this suit as a defense the illegality of the contract which conveyed to him the equitable title. While we think the proof of the illegality in the contract of September 9, 1909, is a defense to appellant's suit, we do not find it necessary to base the disposition of this appeal upon that issue. In Hall v. Edwards, 194 S. W. 674, this court considered the question of the right of a vendee to set up the illegality of a contract, and held that such a defense was available against the vendor's effort to recover the land. While the Supreme Court has granted a writ of error, we are not prepared to recede from our holding in that case."

We believe that this holding was erroneous. Plaintiff and defendants signed and filed in this case, and tendered in evidence, the following agreement in writing:

"It is agreed by and between the plaintiff and the defendants, Jim Robinson, Jr., James Scott, and Mrs. James Scott, that the plaintiff, J. B. Stone, acquired title, from and under the sovereignty of the soil, to the 40 acres of land in controversy, by the following deeds: Deed to 37½ acres from R. B. Wood, dated October 22, 1907, as shown by the record thereof on page 479, Volume 17, Deed Records of said county. Deed to 2½ acres from W. E. Hinshaw and wife, Ruth S. Hinshaw, dated November 2, 1907, as shown by the record thereof on page 302, Volume 17, Deed Records of said county."

[1, 2] By this agreement and admission, the title from the sovereignty of the soil down to plaintiff and in plaintiff was as thoroughly established as though a grant from the state had been introduced in evidence. Could this title be defeated by proof offered by defendants of an illegal transaction in which defendants participated? Upon no theory do we think it permissible. The plaintiff's action of trespass to try title was based upon a title in no wise connected with the lottery transaction. It was not necessary in order to entitle him to recover that he introduce the contract and deed from plaintiff to defendant Robinson. To determine if a demand connected with an illegal act can be enforced, the test is whether the plaintiff requires any aid from the illegal transaction to establish his case. If he does, then he cannot maintain his action. If he does not, the illegal transaction is not permitted to be a defense to his cause of action. Read v. Smith, 60 Tex. 379; Wiggins v. Bisso, 92 Tex. 222, 47 S. W. 637, 71 Am. St. Rep. 837; Oliphant v. Markham, 79 Tex. 547, 15 S. W. 569, 23 Am. St. Rep. 363.

This test being applied to the case before the court we feel bound to hold that, plaintiff's title not being in the least dependent upon the lottery scheme, to permit them to use it as a defense would be to permit them to do the very thing the plaintiff could not do. The sale contract and deed are not necessary to establish his title. It makes its appearance before the court as a defensive matter urged by the defendants. They seek to use an illegal transaction not connected with plaintiff's title to destroy that title. To permit them to do so would be to permit them to recover by reason of the illegal transaction.

The case of Hall v. Edwards, 222 S. W. 169, referred to by the Court of Civil Appeals as pending before the Supreme Court on a granted application for writ of error, was referred to Section A of the Commission of Appeals, and was reported to the Supreme Court by that section in an opinion given by Judge Sonfield. It was an action of tres-

pass to try title to recover a lot in Wichita Falls, Tex. The plaintiff had sold a lot to one Hughes for a consideration of cash and notes evidencing deferred payments, and in the deed conveying same a vendor's lien was retained, and the payment thereof was also secured by a deed in trust. Hughes thereafter conveyed the property to Lula Edwards, and she assumed the payment of the notes. The notes not being paid, the lot was sold under the deed in trust, and plaintiff in error in that case became the purchaser. As stated above, Hall then brought suit in trespass to try title to recover the property. The defense to his action was that the land had been sold to defendant in error for an immoral purpose, and that because of the illegality of the transaction plaintiff ought not to recover.

In passing upon this question Judge Sonfield holds the rule to be that, when plaintiff cannot maintain his cause of action without relying upon the illegal transaction, he cannot recover, citing Read v. Smith, 60 Tex. 379, Beer v. Landman, 88 Tex. 450, 31 S. W. 805, and Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 637, 71 Am. St. Rep. 837, and quoting from Frost v. Plumb, 40 Conn. 111, 16 Am. Rep. 18. The reasoning in the opinion is so cogent and is so applicable to this case that we quote the following from it:

"Plaintiff in error not seeking the enforcement of the contract, and not invoking it to sustain a remedy, its illegality is no defense. To permit this defense, under the facts herein, would be to create a right or title in defendant in error dependent entirely upon such contract. It would, in effect, be to enforce the contract on her behalf, enabling her to reap a benefit thereunder. The same principles which govern courts in declining to enforce an illegal contract in aid of a plaintiff's title inhibit its use to create a title in a defendant. Wooden v. Shotwell, 24 N. J. Law, 789."

We therefore conclude that the Court of Civil Appeals was in error in its holding upon this question.

[3] We think that our conclusion also applies with equal force to the ground upon which the Court of Civil Appeals decides this case—that is, in their holding that the four years' statute of limitation applies, and that plaintiff's cause of action is barred. The illegal lottery transaction not being admissible as a defense for the defendants in the first instance, we can see no reason why defendants should be permitted to offer it in evidence to sustain their plea of limitation. The plaintiff has shown title in himself only, and we do not think defendants should be permitted to introduce the deed and notes for the purpose of showing that they had an equity of redemption which they did not propose to exercise, but, on the contrary, which they asked the court to declare barred by

limitation. They having failed to perform their contract in full, the deed could not be given effect for the purpose of furnishing them with a basis upon which to enforce the contract in part and defeat it in part. S. A. & A. P. Ry. Co. v. Gurley, 92 Tex. 233, 47 S. W. 513.

We therefore recommend that the judgments of the Court of Civil Appeals and the district court in this case be reversed and rendered.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.