### W. J. MOORE v. ALFRED J. BRITTON ET AL.

. Delivered January 6, 1897.

**Judgment—Validity—Prayer for Relief—Collateral Attack.**

If there be no prayer for relief, but it is apparent from the petition what relief is appropriate, and such relief is granted, the judgment extending it cannot, for that reason, be attacked in an independent suit.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Frank Moore* and *Coleman & Ross*, for appellant.—The granting of relief not prayed for by the plaintiff, but within the scope of and following naturally from the facts stated in the petition, may be erroneous, but a judgment in such a case is not void. If there be no prayer whatever for relief, but it is apparent from reading the petition, as in the present case, what relief is appropriate. a judgment granting such relief is never void. Kendall v. Mather, 48 Texas, 598; Williamson v. Wright, 1 Posey's U. C., 718; Sannoner v. Jacobson, 47 Ark., 31, 14 S. W. Rep., 458; State v. Barlow, 61 Iowa, 572, 16 N. W. Rep., 733; Vanfleet on Collateral Attack, secs. 248, 242.

*L. S. Fawcett*, for appellees.—It is not competent for the court to render a judgment in favor of a party if in the proceedings there be no basis or prayer for such relief. 22 Texas, 390.

NEILL, ASSOCIATE JUSTICE.—The appellees, Alfred Britton and his wife, Winnie, on the 7th of February, 1895, brought this suit against the city of Houston, Albert Erichson, sheriff of Harris County, and the appellant, W. J. Moore, to cancel a judgment rendered in favor of the city of Houston against Alfred Britton, and to vacate a deed made by the sheriff of Harris County, Texas, to Moore at a sale made by virtue of an order of sale issued upon said judgment. The grounds upon which the cancellation is asked are, that the judgment was void, for the reason that it foreclosed an alleged lien for taxes upon certain premises constituting the homestead of the plaintiffs, and that Mrs. Britton was not a party to the suit in which it was rendered; and, besides, that the petition upon which it was rendered contained no prayer for relief.

The case was tried before a jury, who, in obedience to instructions from the court, returned a verdict in favor of the plaintiffs, upon which judgment was rendered, from which W. J. Moore has alone appealed.

The uncontroverted facts in this case show that on the 11th day of September, 1893, the city of Houston filed in the District Court of Harris County its original petition against Alfred Britton, in which it was alleged that he was, during the years from 1877 to 1889, both inclusive, the owner of certain lands therein described, situated within the corporate limits of the city of Houston, Harris County, Texas; that during and for said years the city of Houston duly and legally assessed and levied taxes against said property, aggregating, exclusive of interest, the sum of $60; that the taxes so levied and assessed, with interest at the rate of ten per cent per annum on the respective amounts of each assessment, were due and unpaid, and constituted a lien on said premises.

The petition, which was on a printed form, had contained such a prayer for relief as is usually made in such character of actions, but such prayer had been erased by pen and ink. It does not appear from the evidence when or by whom such erasure was made, nor that the petition in which it occurred was the only one filed in the case, nor that it was the one upon which the judgment sought in this action to be canceled was rendered.

A citation in the cause was duly issued and served on Alfred Britton, which citation contain the following language: "Plaintiff sues and prays judgment for $60 alleged to be due for city taxes for the years 1877 to 1889, inclusive, on lots 7 and one-fourth of 8 in block No. 12 in Houston, Harris County, Texas, in Castania Addition to said city, and for interest on the several accounts at 10 per cent from maturity, and for foreclosure of tax lien against said property and costs of court."

On the 15th day of June, 1894, a judgment (the one sought to be canceled in this suit) was rendered, a part of which is as follows: "And the matters in controversy, as well of fact as of law, were submitted to the court, and the evidence and argument of counsel having been heard and fully understood, it is therefore considered by the court that said plaintiff, the City of Houston, do have and recover of the said defendant the sum of $88, with interest thereon from this date at the rate of six per cent per annum, together with all costs in this behalf expended. And it further appearing to the court that said sum of $88 is due the plaintiff, the City of Houston, for taxes duly laid, levied and assessed against the following described property, situated within the corporate limits of the City of Houston, in the County of Harris and State of Texas, and more particularly and better described and designated on the map or plat of said City of Houston as lots seven, and the adjoining fourth of lot eight in block No. 12, of the Castania Addition to the City of Houston, on south side of Buffalo Bayou."

On the 19th day of November, 1894, an alias order of sale was issued and directed to the sheriff of Harris County, commanding him to sell

the property described in the decree, in accordance therewith. This writ was duly executed by said sheriff, and his return thereon shows that the property in controversy was sold to W. J. Moore, the appellant, on the 1st day of January, 1895, for which he paid $125. In pursuance of such sale a deed was executed by the sheriff to Moore, conveying the property.

In the case now under consideration, no evidence was introduced to show that the property in controversy was ever the homestead of Britton and wife, or that the latter had any interest in it.

A number of errors are assigned, but we deem it only necessary to consider those which complain of the court's charge and the refusal of the court to give special charge No. 1 asked by the appellant.

The court's charge is as follows: "There being no prayer for relief of any kind in the petition in the case of the City of Houston against Britton, you are charged that the plaintiffs, Britton and wife, have the right to have said judgment set aside and avoided, and you will accordingly find for cancellation of said judgment and proceedings thereunder and the deed from the sheriff to Moore."

The one asked by appellant and refused is: "Gentlemen of the jury, you are instructed to find for the defendant, W. J. Moore."

As there was no evidence in this case tending to show that the property upon which the taxes were levied and assessed, for which the judgment was rendered, and upon which the lien was foreclosed, was the homestead of ·appellees, it is unnecessary for us to consider what would be the effect of the judgment (Mrs. Britton not being a party to the suit), had it been shown that the property was their homestead. The case as presented by the record shows that the District Court of Harris County had jurisdiction of the person of Alfred Britton, the owner of the property, and of the subject matter upon which the adjudication was had. The rule in such a case, as stated by Mr. Freeman, and established by almost an unbroken line of authorities, is that: "Jurisdiction being obtained over the person and over the subject matter, no error or irregularity in its exercise can make the judgment void. The authority to decide being shown, it cannot be divested by being improperly or incorrectly employed. Error of decision may be corrected, but not so as to reach those who in good faith relied upon its correctness. The same rules apply to actions to recover delinquent taxes as in other cases, in respect to collateral attacks." Freeman on Judgments, sec. 135.

If it should be conceded that the judgment sought to be annulled was rendered upon the petition after the prayer in it for relief had been erased, the case would still fall within the rule quoted. It would be an error such as could be corrected on appeal, if the court rendering the judgment had refused itself to correct it when called to its attention; but not such an error as can be taken advantage of in an original action brought by a party to the proceedings to avoid it. If there be no prayer for relief, but it is apparent from the petition, as in the case under con-

sideration, what relief is appropriate, and such relief is granted, the judgment extending it is not void, and cannot in an independent suit be attacked for that reason. Kendall v. Mather, 48 Texas, 598; Sannoner v. Jacobson, 47 Ark., 31, 14 S. W. Rep., 458; Vanfleet on Collateral Attack on Judicial Proceedings, secs. 248, 242.

The error in rendering the judgment on a petition containing no prayer for relief, if it was so rendered, was apparent from the record, and, as before stated, could have been corrected on appeal, and the appellee Alfred Britton, having failed to exhaust his legal remedy, cannot now invoke the equity powers of a court to have it canceled. This has, in effect, been held in a case where the judgment was void. Railway v. Wright, 88 Texas, 347. Nor, the error being manifest from the record, can he maintain a bill of review. Seguin v. Maverick, 24 Texas, 526.

We conclude, therefore, that under the undisputed facts, as disclosed by the record in this case, the court erred in giving the charge quoted, and in not instructing the jury to return a verdict in favor of the appellant, W. J. Moore. For which errors the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*