SMITH et al. v. TIPPS. (No. 1677.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 8, 1916. Rehearing Denied Dec. 14, 1916. Dissenting Opinion Jan. 8, 1917.)

1. LIMITATION OF ACTIONS ⬯123—SUIT FOR LAND — COMMENCEMENT OF ACTION — STATUTE.

Under Act April 3, 1913 (Acts 33d Leg. c. 123 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695]), effective July 1, 1913, providing that owners of the superior title to land retained in any deeds or their transferees shall have 12 months after the act becomes effective within which to sue for the land, and that otherwise such suit shall be barred, a suit for land was commenced July 7, 1913, when the first amended petition was filed seeking a recovery on a vendor's lien note and a foreclosure of the lien and to have title to the land or a part of it decreed to him, or by the second amended petition filed January 8, 1914, asking that title to the land be declared to be in plaintiff, so that, though a third amended petition in trespass to try title was filed June 11, 1915, after a reversal and remand, the suit was not barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 539; Dec. Dig. ⬯123.]

2. LIMITATION OF ACTIONS ⬯123 — COMMENCEMENT OF ACTION—PLEADING BAD ON DEMURRER.

A pleading bad on demurrer may be sufficient to stop the running of the statute.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 539; Dec. Dig. ⬯123.]

3. VENDOR AND PURCHASER ⬯252 — UNPAID NOTES—TITLE.

The title remaining in the vendor is held by him for the benefit alone of the holder of the purchase-money notes so long as they remain unpaid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 636; Dec. Dig. ⬯252.]

4. VENDOR AND PURCHASER ⬯296 — UNPAID NOTES—SUIT BY ASSIGNEE—TITLE.

Where plaintiff, as the assignee of vendor's lien notes, was also transferee of the title of one of the vendors, he could recover title and divest

---

the title of the other vendor, who disclaimed any right or title to the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 832; Dec. Dig. ⚙═➚296.]

Hodges, J., dissenting.

Appeal from District Court, Rusk County; W. C. Burford, Judge.

Suit by John M. Tipps against Clem Smith and others. Judgment for plaintiff, and defendant Smith appeals. Affirmed.

See, also, 171 S. W. 816.

By their deed dated November 1, 1906, R. H. Hightower and J. E. Watkins conveyed the land in controversy to appellant, Smith, in consideration of the execution and delivery to them by Smith of his three promissory notes for $100, interest and attorney's fees each, payable, respectively, Nov. 1, 1907, 1908, and 1909. By the terms of both the deed and the notes the vendor's lien was retained on the land to secure the payment of the latter. November 7, 1908, the notes by an indorsement thereon were assigned to B. K. Johnson, who on December 14, 1912, joined by one T. C. Moore, assigned them to appellee, Tipps. Except $10 paid October 15, 1908, and $30 paid October 22, 1909, nothing seems ever to have been paid on the notes. By an instrument dated January 25, 1913, Hightower "sold, released, and forever quitclaimed all his title, rights, and claims of every kind" to the land to said Tipps. This suit was commenced by said Tipps by a petition filed May 1, 1913. As so commenced it was against said Smith, Johnson, and Moore to recover on the notes and to foreclose the vendor's lien retained to secure their payment. Johnson and Moore, it seems, did not answer the petition. Smith answered, setting up as a bar to the recovery sought against him the statute of limitations of four years. Tipps thereupon, on, to wit, July 7, 1913, filed his "first amended petition," in which he "adopted each and every allegation" in his original petition, conceded that two of the three notes sued on were barred by the statute of limitations, but denied that the one maturing November 1, 1909, was so barred, and then alleged that Hightower and Watkins bought the land with money furnished by the former, that Hightower had conveyed to him, Tipps, the superior title in him as one of the vendors to Smith, but that Watkins had refused to do so. Tipps then alleged that effect of the conveyance made to him by Hightower was to pass to him the superior title remaining in Hightower, and Watkins as the vendors of the land, and prayed—

"as in his original petition, for a foreclosure of his vendor's lien, and for a sale of said property to satisfy same; and if the court should hold that the notes due November 1, 1907, and November 1, 1908, are barred by the statute of limitations, then the plaintiff prays that he have judgment against the defendants as prayed for in his original petition on the $100 note due November 1, 1909, with all interest and attorney's fees thereon due according to the specifications in said note, and that after the satisfaction of said note that the balance of said premises be appropriated and the title to same be declared in this plaintiff, or so much thereof as the court might hold plaintiff is justly entitled to, and for attorney's fees and interest on the $100 note dated November 1, 1906, and due November 1, 1909, with a vendor's lien on the 80 acres of land described in plaintiff's original petition, to which reference is here made, and that plaintiff would further ask that the title to the entire said 80 acres of land described in plaintiff's original petition be declared to be in plaintiff herein, or so much thereof as the court may see proper to render, and that plaintiff have judgment against the defendants and each of them for his debt, for the possession of said land and premises, interest and attorney's fees, as prayed for in his original petition."

January 5, 1914, Tipps filed a pleading, which he denominated his "second amended petition," in which he asked that the deed from Hightower and Watkins to Smith be canceled, and that the title to the land be declared to be in him (Tipps). He did not in this amendment state any facts or assign any reason entitling him to such relief.

On the case made by the pleadings specified and evidence heard in support of same, a judgment was rendered awarding the land to Tipps. That judgment on an appeal prosecuted to this court by Smith was reversed because without support in Tipps' pleadings. 171 S. W. 816.

After the cause was remanded to the court below, on, to wit, June 11, 1915, Tipps filed his third amended petition, by which he changed his suit to a statutory one of trespass to try title with Smith and Watkins as defendants. Watkins answered, disclaiming any claim of right or title in himself to the land. Smith answered by a plea of not guilty by pleas of the three and five year statute of limitations, and by a plea setting up that Tipps' right to recover the land because of the nonpayment by him (Smith) of the purchase money was barred because:

"More than 12 months has elapsed before the commencement of this suit for the possession of said land under the superior title claim and the time given persons holding such claim to file suit for the possession of lands claimed by them as set up in plaintiff's third amended petition filed herein on the 11th day of June, 1915."

The trial was before the court without a jury. He found as facts the following: That in 1902 one Hightower and one Watkins as partners purchased the land in controversy; that Hightower furnished the money with which to pay for it; that on November 1, 1906, Hightower and Watkins by their joint warranty deed conveyed the land to appellant Smith, the consideration to them being: Smith's three notes of that date for $100, interest and attorney's fees each, due, respectively, November 1, 1907, 1908, and 1909; that a vendor's lien to secure the payment of the notes was retained; that on November 7, 1908, the notes were assigned by Hightower and Watkins to one Johnson, who, joined by one Moore, on December 14, 1912, assigned same to appellee; that, except the sum of

$10 paid October 15, 1908, and the sum of $30 paid October 22, 1909, nothing was ever paid on the notes; that by a petition filed May 1, 1913, appellee sought a recovery against Smith of the amount of the notes and a foreclosure of the vendor's lien on the land; that in defense against the recovery sought Smith set up the statute of limitations of four years as a bar; that in the suit so commenced appellee on February 6, 1914, recovered judgment against Smith for the land; that the mandate reversing that judgment on appeal was filed in the trial court February 5, 1915; that appellee, after the filing of said mandate, to wit, on June 11, 1915, filed his third amended petition, and on that date had Smith, and on June 15, 1915, had Watkins, served with a citation issued on same; that Watkins answered disclaiming any claim of right or title in himself to the land; and that on January 25, 1913, Hightower conveyed the superior title remaining in him as a vendor of the land to appellee. On the facts as found by him the trial court concluded as matter of law that Hightower and Watkins were the common source of title, and that appellee, as the holder of the notes and of the superior title in Hightower as a vendor of the land, the notes being unpaid, had a right to sue for and recover the land of Smith.

The appeal is again by Smith from a judgment awarding Tipps a recovery of the land.

T. J. Arnold, of Henderson, for appellant. R. T. Brown and J. Y. Gray, both of Henderson, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] The theory upon which appellee was awarded the relief he sought was that, as the owner of the unpaid purchase-money notes and transferee of the legal title remaining in Hightower as one of Smith's vendors, he was entitled on Smith's failure to pay the notes to recover the land. That appellee was entitled to recover at least a part of the land is clear, unless his suit therefor was barred by force of a provision in the act of April 3, 1913 (General Laws, p. 250; articles 5693, 5694, 5695, Vernon's Statutes), as follows:

"Those owning the superior title to land retained in any deed of conveyance, or his transferee and those subsequently acquiring such superior title by transfer, shall have twelve months after this act takes effect within which to bring suit for the land if their claim to the land is not otherwise invalid and unless such suit is brought within twelve months after this act takes effect, they shall be forever barred from bringing suit to recover the same." Article 5695.

[2] The act took effect July 1, 1913. Appellee's third amended petition, as shown in the statement above, was not filed until June 11, 1915, nearly two years after the time when the act became effective. It is plain, therefore, if the filing of this petition was the commencement of appellee's suit for the land, it was barred when commenced. We are of opinion, however, appellee's suit for the land was commenced by the filing, July 7, 1913, of his first amended petition, in which, while seeking a recovery on the note due November 1, 1909, and a foreclosure of the lien retained to secure it, he also sought to have the title to the land, or a part thereof sufficient to satisfy the amount unpaid of the other two notes, decreed to be in him, or, if not, then by the filing, January 5, 1914, of his second amended petition, in which he asked that the title to the land be declared to be in him. While we did not think when the cause was before us on the first appeal (171 S. W. 816), and do not now, that the pleadings of appellee authorized the judgment obtained by him, we think they sufficiently showed the commencement of a suit for the land so as to stop the running of the statute of limitations. It has been repeatedly held that pleadings bad on general demurrer may be sufficient to stop the running of the statute. Killebrew v. Stockdale, 51 Tex. 529; Kauffman v. Wooters, 79 Tex. 205, 214, 13 S. W. 549; Day v. Van Horn Trading Co., 183 S. W. 85, 87.

[3, 4] Whether appellee, as the transferee of only one of Smith's two vendors, was entitled as against Smith to recover all the land, or only an undivided half of it, is a more difficult question to answer. In view of the holding that the title remaining in the vendor is held by him for the benefit alone of the holder of purchase-money notes so long as they remain unpaid, we would not hesitate to say that the recovery had by appellee against Watkins on his disclaimer of any claim of right or title to the land operated to pass to appellee the title held by Watkins in trust for him, but for the further holding that the assignee of such notes cannot by suit against the vendor have the title remaining in him devested. Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1030; Douglass v. Blount, 95 Tex. 369, 67 S. W. 489, 58 L. R. A. 699; Atterberry v. Burnett, 102 Tex. 118, 113 S. W. 528; White v. Cole, 87 Tex. 500, 29 S. W. 759. As, however, the latter holding was on the theory that the assignee as such has no interest in the land, we have concluded it should not be allowed to control in this case; for Tipps, as the transferee of the title in Hightower, did have such an interest. The conclusion reached is, we think, authorized by the ruling made in Anderson v. Silliman, 92 Tex. 560, 50 S. W. 579, where Judge Gaines said:

"We are also of the opinion that the legal title remained in the vendors, to wit, Anderson, Mrs. Snider, and Williams, and that the acquisition by Silliman, the holder of the purchase-money note, of the legal title of Williams and Mrs. Snider, was sufficient, upon default in the payment of the note, to enable Silliman or his executrix to sue Anderson for the recovery of the land. White v. Cole, 87 Tex. 500 [29 S. W. 759]. Anderson had parted with his interest in the note, and he had no interest in the land, save the naked legal title. Silliman, if not entitled to claim the whole of the land, was entitled to an undivided interest, and, as a tenant

in common, had the right to recover against one holding merely the legal title."

The judgment is affirmed.

HODGES, J. (dissenting). The land involved in this suit was originally owned by Watkins and Hightower, each holding a fee-simple title to an undivided half interest. The finding of the trial court that Hightower had furnished the purchase money when the property was acquired by him and Watkins is of no importance in the consideration of any question presented on this appeal. Their subsequent dealings with reference to the land, the division of the proceeds of its sale, and the absence of any claim that a resulting trust arose in favor of Hightower clearly indicate that some kind of an arrangement had been made between him and Watkins by which they were to share equally in the ownership of the land.

In November, 1909, Watkins and Hightower sold the land to Smith, the appellant, executed a joint conveyance, and took in payment three promissory notes payable to them jointly, in which the vendor's lien was expressly reserved. These notes were afterwards assigned by Watkins and Hightower jointly to other parties, from whom the appellee purchased them. When the appellee brought his suit upon the notes after maturity and sought a foreclosure of his lien, the defense of limitation was interposed as a bar to his right of recovery. He later amended his pleadings and sought a recovery of the land. The third amended original petition, that on which the case was last tried, contained two separate and distinct causes of action, one against Smith alone for the recovery of the land, and the other against Watkins for the removal of a cloud from the title. Haskins v. Wallet, 63 Tex. 213. It is alleged, in substance, that on or about the 25th day of January, 1913, the appellee was the owner and in possession of the land described in his petition, and that on that date the defendant Clem Smith unlawfully entered upon said land and ejected the plaintiff therefrom, and now unlawfully withholds from the plaintiff the possession thereof. As to Watkins it is alleged that he is setting up some sort of claim, title, or right to the land. The petition concludes with a prayer that the plaintiff have judgment against the defendant Clem Smith for the title and possession of the land, and for rents and damages, and that the defendant Watkins be cited to appear and show what claim, title, or interest, if any, he has in or to said land, that plaintiff's title to the premises be cleared, and for general relief. This amended original petition was filed on the 11th day of June, 1915. On the 19th day of the same month the appellant, Clem Smith, answered by plea of not guilty and general denial. The answer also contained a plea of limitation authorized by the statute of 1913, which extinguishes the superior legal title when the debt is barred.

On the 7th day of the following month Watkins, the other defendant, filed the following answer:

"Now comes the defendant J. E. Watkins in the above styled and numbered cause, and disclaims any interest to the land sued for by plaintiff, and denies all and singular the allegations setting up any interest, if any, in this defendant in said land."

The proof showed that at the time the suit was filed and on the day of trial the appellant, Smith, was in possession, claiming the land under his original purchase from Watkins and Hightower; that all of the notes given by him for the purchase money had been due for more than four years, and, with the exception of a small sum, no part of the purchase price had been paid. As proof of his title the appellee relied upon the ownership of the unpaid purchase-money notes, a conveyance of the superior legal title to an undivided one-half interest in the land from Hightower, and the disclaimer filed by Watkins after the institution of the suit. Upon this evidence the court entered a judgment in favor of the appellant for all of the land involved in the suit and against Watkins, divesting him of all the superior legal title to the undivided half interest formerly owned by him.

I fully concur in that portion of the opinion of Chief Justice WILLSON which holds that the defense of limitation was not available in this suit as a bar to the right of the appellee to recover any portion of the land. When the petition relied on to constitute the beginning of a suit presents a subject-matter of which the court may take cognizance, and so identifies the particular property in dispute as to give jurisdiction to the court, so that a judgment rendered in that proceeding will be, though merely erroneous, yet not void, the petition is sufficient to interrupt the period of limitation provided by law. But where the petition is so defective that it fails to give the court jurisdiction over the parties or over the res in controversy, the judgment thereon would be subject to attack, and might be annulled in an independent suit instituted for that purpose alone. Such a petition would not be sufficient to stop the running of the statute of limitations, for the reason that it could not form the basis of a valid judgment. When the first amended petition in this case was filed, we must assume that the trial court had jurisdiction over the parties. While that petition did not itself describe the land, it referred to an instrument which did contain an accurate description. This method of pleading, though not in accordance with the rules adopted by our Supreme Court for the government of district and county courts, is not such an irregularity as to affect the jurisdiction of the trial court after judgment had been rendered. A judgment will not be vacated in an independent suit merely because of defects in the pleadings. 23 Cyc. 1004; Moore

v. Britton, 15 Tex. Civ. App. 237, 38 S. W. 528; 1 Black on Judgments, § 306. This is true notwithstanding the judgment attacked should be reversed as erroneous on an appeal. It would therefore seem to logically follow that a petition sufficient to sustain a judgment against any attack except on appeal is sufficient to constitute the beginning of a suit within the meaning of the statute. Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870. The first amended original petition in this case met the requirement essential to confer jurisdiction upon the court to render a valid judgment.

However, I am not able to agree to the further holding in this case that the appellee was entitled, under the evidence, to a recovery of all of the land sued for. The appellant, Smith, being in possession, could be ousted only by one showing proof of ownership by title superior to that under which Smith held. As the holder of the unpaid purchase-money notes which had become barred by limitation, the appellee had no interest in the land until he acquired the superior legal title from one of the original vendors. See White v. Cole, supra, cited by Chief Justice Willson, and other authorities there referred to. Inasmuch as the appellee's right to recover the land depended upon the possession of the superior legal title in addition to the ownership of the purchase-money notes, the interest he might recover must be measured by the title he exhibited. Watkins and Hightower did not jointly hold an indivisible title to the tract of land, but each held a separate and entire title to an undivided half interest. We must keep in mind the distinction between an entire title to a fractional interest in land and a fractional title to an entire interest. There may be a joint ownership of land, but there is no tenancy in common as to the title. One tenant in common may assign his title, or lose it by limitation, without disturbing his cotenant. The title itself is that intangible right or thing which the law regards as distinct from the property to which it applies. At the time the appellee filed his first amended original petition he had acquired the legal title from only one of the two original vendors; Watkins having refused to convey the title held by him. The appellee then held the legal title to only an undivided half interest, and could by the exercise of his right of rescission claim no more. Hightower could confer him no greater right that he (Hightower) reserved at the time he sold. However, even if we should regard the legal title of Watkins and Hightower as being indivisible, so that a conveyance sufficient to transfer a part transferred the entirety, there would be as much reason for holding that the deed from Hightower alone conveyed no title as for saying it conveyed it all; for, if they were joint owners of the title, one had as much right to refuse to convey as the other had to convey. Hence I conclude that the most the appellee could claim at the time he filed his third amended original petition was the legal title to an undivided half interest only.

As tending to support the ruling of the majority, the case of Anderson v. Silliman, 92 Tex. 560, 50 S. W. 579, is cited. In that case Silliman sued Blackaby and others to recover a tract of land. The evidence showed that the land had been sold by Anderson, Mrs. Snider, and Williams to Blackaby, and the vendor's lien retained to secure the purchase money. The notes were afterwards acquired by Silliman by assignment. Silliman also acquired from Mrs. Snider and Williams, two of the vendors, a conveyance of the superior legal title. Upon the failure of Blackaby to pay the purchase money that suit was instituted against his heirs, who were then in possession, for a recovery of the land; and Anderson was made a party defendant, apparently in an effort to divest him of the superior legal title, which he had retained and had refused to convey to Silliman. A judgment was rendered in favor of Silliman against Blackaby for the land, and against Anderson for the title. Anderson alone prosecuted a writ of error, but Blackaby's heirs attempted to have the judgment against them reviewed by filing assignments of error. The Supreme Court held, in answer to the certified question from the Court of Civil Appeals, that the heirs of Blackaby were not in a position to assign errors as against their coappellee, Silliman. It was also held that Anderson had parted with his interest in the notes and had no interest in the land save the naked legal title, and that he was not entitled to complain of the judgment; that the heirs of Blackaby, not having appealed and not being entitled to file cross-assignments of error, could not raise a question as to the correctness of the judgment against them on that appeal.

While the facts of that case as presented in the trial court were similar to those here involved, the record on appeal was materially different; in fact, the very question now before us—that is, whether the holder of the legal title to an undivided interest can recover all of the land from a vendee in default of payment of purchase money—was expressly left undecided. The situation before us is the same as it would have been in that case had the Blackabys perfected an appeal and been in a position to complain of the judgment against them. It cannot be said in this case of the appellant Smith, as was said in that case of Anderson, that he had no interest in the land. Neither can it be said that the appellant is a trespasser, from whom possession could be recovered by a tenant in common; for the appellant held the equitable title to at least that half of the land which corresponded to the legal title retained by Watkins and which had not been acquired by the appellee. His failure to pay the purchase money did not ipso facto termi-

nate the equitable title acquired by his contract of purchase. Such failure merely gave to the holder of the debt and the legal title the right to rescind and reclaim the land. The rule which permits a tenant in common to recover all of the land from one having no interest has no application to this case; for the very conditions which limit the ownership of the appellee to a fractional interest imply an outstanding legal and equitable title to the remaining interest, and the proof shows that the appellant holds at least an unextinguished equity of redemption in that interest.

In the trial below the appellee introduced in evidence the disclaimer filed by Watkins after the appellant had answered. In rendering judgment for the appellee against the appellant the trial court based his legal conclusions upon the sufficiency of this disclaimer to pass the legal title from Watkins to the appellee. At that time the right to recover the undivided half interest in the land represented by the superior legal title held by Watkins was barred, because no suit for that interest had been instituted within the period prescribed by the statute. See Vernon's Sayles' Statutes, art. 5694. It is true the appellee had before that time filed a suit in which he sought a recovery of all the land, but it is also true that he then owned only a half interest, and could recover only to that extent. A suit which prevents a running of the statute of limitations must be instituted by the owner of the land or the party having a right upon which the statutory bar operates. A stranger to the title has nothing to lose by the efflux of time, and a false assertion of ownership by him cannot aid the true owner, or legally disturb the possession of the adverse claimant. By the terms of the statute as amended by the act of 1913 the legal title becomes extinct four years after the maturity of the purchase-money debt, unless suit is sooner brought "by the original vendor or his transferee." The appellee could not in any event claim to be a transferee from Watkins till after the disclaimer had been filed, but this occurred more than four years after the purchase-money notes had matured. When Watkins disclaimed any interest in or title to the land, his averments were literally true; for whatever legal title he theretofore held had been lost by the lapse of time, and he then had nothing to release or convey to the appellee. The effect of the bar of that title was to perfect and fortify the equitable title of the appellant against any legal demand originating from the vendor. From this I conclude that, without reference to the legal effect generally resulting from the filing of a disclaimer, conceding that the language of the disclaimer in this instance was sufficient to pass a legal title, the appellee could acquire none from that source. For this reason alone, the judgment of the trial court awarding to appellee all of the land was erroneous.

But there is still another reason for disregarding this disclaimer as a source of title. It was admittedly filed, not only after this last amended petition was filed, but after the appellant, Smith, had answered. Hence, if it conveyed a title to the appellee, it did so after the suit had been commenced. Such a title cannot be made the basis of a recovery except by amending the petition after the title has been acquired. Ballard v. Carmichael, 83 Tex. 355, 18 S. W. 734; Collins v. Ballow, 72 Tex. 330, 10 S. W. 248; Teal v. Terrell, 48 Tex. 491; Harrison v. McMurray, 71 Tex. 122, 8 S. W. 612; Erp v. Tillman, 103 Tex. 574, 131 S. W. 1057; Towne on Pleading (2d Ed.) p. 617; 13 Ency. Ev. p. 58. It is true the disclaimer was here introduced in evidence without objection; but where the proffered testimony is incompetent to prove the facts alleged, an objection is not necessary. See the authorities cited above; also Williams v. Randon, 10 Tex. 79.

For the reasons stated, I have concluded that the judgment of the trial court should be modified so as to limit the recovery of the appellee to an undivided one-half interest in the land.