PIERSON, J., took no part in the decision of this cause.

---

**SMITH et al. v. TIPPS.   (No. 149–3098.)**

(Commission of Appeals of Texas, Section B. March 16, 1921.)

**1. Vendor and purchaser ⬥261(6)—Assignment of vendor's lien notes does not transfer vendor's title to the land.**

The transfer of vendor's lien notes to an assignee does not carry the vendor's superior title to the land.

**2. Limitation of actions ⬥123—Pleading insufficient to support judgment held sufficient to arrest statute.**

A pleading not skillfully drawn and not sufficient to support the judgment obtained thereon *held* sufficient to stop the running of the statute of limitations.

**3. Appeal and error ⬥931(2)—Doubts should be resolved most strongly in favor of the party having the greater equities.**

Where the equities are most strongly with the defendant in error, all doubts as to the construction of law arising out of the situation should be resolved in his favor.

**4. Vendor and purchaser ⬥261(3)—Plaintiff holding vendor's lien notes and one-half title not vested with whole title by other vendor's disclaimer.**

Where plaintiff owning vendor's lien notes had received one-half title from one vendor, and sued for possession and the other vendor disclaimed, such disclaimer did not have the effect to vest in plaintiff the title to all the land, as respects his right to recover it in his suit for possession.

**5. Vendor and purchaser ⬥261(3)—Assignee of vendor's lien notes may foreclose lien on undivided half interest in land.**

Where plaintiff, assignee of three vendor's lien notes, was transferee of the legal title of only one of the two vendors, plaintiff, after two of the three notes had become barred, could recover only half the land from the original purchaser, notwithstanding a disclaimer by the nontransferring vendor.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by John M. Tipps against Clem Smith and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (191 S. W. 392), and defendants bring error. Judgment of the Court of Civil Appeals and of the district court reversed, and cause remanded.

T. J. Arnold, of Houston, for plaintiffs in error.

R. T. Brown, Jas. Y. Gray, and W. M. Futch, all of Henderson, for defendant in error.

KITTRELL, J. On May 1, 1913, Tipps filed suit against Smith and one Johnson and one Moore, the first named as maker and the last two as guarantors of the payment of three promissory notes, each for the sum of $100 and all bearing date November 1, 1906, and due respectively November 1, 1907, 1908, and 1909, which notes were the entire purchase money of the land involved in this action. The land was bought by one Watkins for himself and one Hightower, the latter furnishing the money, the profits to be equally divided. The land was sold by Watkins and Hightower to Smith, and the notes were made payable to the vendors or bearer.

On November 7, 1908, the notes were transferred to R. K. Johnston, and on the 14th day of December, 1912, after two of the notes were barred, Johnston and one Moore transferred the notes to Tipps and guaranteed their payment. Tipps paid $350 for the notes, after he had seen Smith and had been told by him the notes were a just debt and he would pay them, and would come to town in a few days and renew those that were barred.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tipps prayed judgment for the amount of the notes and interest and foreclosure of the vendor's lien. On June 30, 1913, Smith answered and pleaded the statute of limitation. Tipps replied by what he termed his first amended (not supplemental) petition, alleging that it was true a portion of his cause of action accrued more than four years before suit was brought, but that one note was not barred, and alleged much irrelevant matter about how the land was purchased, and how Smith promised to renew and pay the notes, and how Watkins refused to transfer his one-half of the superior title, while Hightower did convey his one-half. He also renewed his prayer for foreclosure, and further prayed that title to all the land be vested in him. On January 5, 1914, Tipps filed his second amended petition, asking that the deed to Smith from Watkins and Hightower be canceled and title to the land be declared to be in him (Tipps) in fee simple, and prayed for rents.

It seems that plaintiff recovered judgment, but on appeal the judgment was, on December 3, 1914, reversed on the ground that the pleading did not support it or authorize any judgment. 171 S. W. 816. Evidently the case came back for retrial, and on June 11, 1915, Tipps filed his third amended petition, amending, as he alleged, by specific designation his original, first amended, and his second amended petitions but no reference was made to the notes or to Moore or Johnston, but the action was substantially in the form of "trespass to try title," the amendment being so indorsed, and Tipps filed motion to require defendant to file abstract of title, which motion was complied with. Prayer was also made that Watkins be required to show what right or interest he had in the land.

On June 19, 1915, Smith answered, pleading not guilty, and pleaded limitation under color of title, and that more than twelve months had elapsed before the action in form of trespass to try title was brought under the superior title act, and pleaded three years' possession and the five years' statute. Tipps excepted to the answer on the ground of vagueness and indefiniteness, etc.

The abstract of title consisted of the deed from Hightower and Watkins to Smith and the transfer of superior title by Hightower to Tipps on January 25, 1913, and filed among the papers in the case July 7, 1913.

The court found: First, that Hightower and Watkins were "partners" in purchase of the land; second, that the notes were transferred as above set forth, and that Smith paid $10 October 8, 1908, and $80 October 22, 1910; third, that Smith, before Tipps bought, promised to renew the notes, and that he (Smith) denied filing the plea of limitation, and denied that he had employed a lawyer, and found that Tipps obtained judgment February 6, 1914, and that mandate of reversal was filed in the court on February 5, 1915, and that on June 11, 1915, Tipps filed his third amended petition, and that Smith and Watkins were cited and Watkins disclaimed; and found the transfer of the superior title from Hightower to Tipps as above set forth; fourth, as a matter of law the court found that Tipps, as holder of the three notes and the superior title from one of the partners, was entitled to sue for the land; that Watkins and Hightower were the common source of title; and found that limitation was not available as against Tipps, and found that, Tipps holding the notes and the superior title and Watkins disclaiming, Tipps was entitled to recover all the land.

A majority of the Court of Civil Appeals of the Sixth district affirmed the judgment. Justice Hodges dissented, holding Tipps to be entitled to recover only one-half. 191 S. W. 392.

## Opinion.

[1] When the notes given by Smith to Hightower and Watkins were executed, and when they were transferred to Tipps, and when he received transfer from Hightower of the superior title to Hightower's undivided half of the land, and when Tipps filed his action on the notes, the law of 1905 was in force and unamended. By that law Tipps had 10 years after maturity of the notes in which to bring suit by virtue of the superior title to recover the land.

The transfer of the notes to Tipps did not carry the superior title, and the first note was barred November 1, 1911, and the second November 1, 1912; hence both were barred as a personal liability against Smith when they were transferred to Tipps. The last note was not barred until November 1, 1913. Tipps filed suit on all the notes May 1, 1913. Hightower and Watkins owned the land as tenants in common, each owning an undivided one-half, and the title so remained until January 25, 1913, when Hightower conveyed Tipps the superior title to his undivided one-half. Until that conveyance was made Tipps was vested with no such right as enabled him to recover any part of the land by virtue of the superior title.

When on June 30, 1913, plaintiff in error interposed to the action of defendant in error on the notes the plea of the bar of the statute of limitation, the act of the Thirty-Third Legislature amendatory of articles 5693, 5694, and 5695 of the Revised Statutes of 1911, approved April 3, 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695) had not taken effect; hence the law of 1905 was still in force, which law gave the holder of the superior title 10 years after the maturity of the debt to recover the land. Had he received conveyance of the superior title to

all the land when he purchased the notes, he could have recovered it by proper action when he filed his suit May 1, 1913.

He could, under the authority of many familiar precedents, have, by amendment, changed his action to one of trepass to try title, and have recovered the title to half of the land in the action brought May 1, 1913, since he had on January 25, 1913 received conveyance of the superior title to half of the land from Hightower. Plaintiff in error could have defeated recovery only by payment of the last note and interest.

Defendant in error did not, however, at that time so amend his pleading, but in fact conceded the bar as to two of the notes, and asked judgment on the other for foreclosure of the vendor's lien, and pleaded further as set forth in the preliminary statement above. While an appeal was pending the act of April 3, 1913, and that of August 20, 1913, amendatory of the former act, both became effective, and the 12 months' limit wherein the holder of the superior title was by both of said acts required to assert it, expired before the appeal was determined, which was, as before stated, on December 3, 1914.

[2] While the pleadings of defendant in error might have been more skillfully drawn, and his purpose made much clearer, he, by his third amended petition, connected with all his previous pleadings and sought to amend them and asked in the same case similar relief, and sought protection, by another method, of what he conceived to be his rights. His evident purpose was to recover all the land, since he prayed for a divestiture of the title out of both Smith and Watkins, and while his pleadings were held not to be sufficient to support the judgment he obtained, yet we agree with the Court of Civil Appeals that they were sufficient to arrest the running of the statutes of 12 months, pleaded by plaintiff in error.

[3] The equities of the case are most strongly with the defendant in error, and all doubts as to the construction of the law arising out of the situation should be resolved in his favor.

[4] We agree with Justice Hodges in his dissenting opinion, for the reasons given by him, that the disclaimer of Watkins did not have the effect to vest in defendant in error title to all the land.

[5] Plaintiff in error received by the original conveyance to him equitable title to Watkins' half of the land; and when two of the notes became barred, and hence were not enforceable as a debt against Smith, that equitable title was transmuted into the legal title, while defendant in error had the legal title of the other half by virtue of the conveyance to him by Hightower.

Under the facts revealed by the record, we do not conceive that it is necessary to a correct determination of the case to construe or interpret the act of April 3, 1913, or that of August 20, 1913. Different Courts of Civil Appeals have construed those acts differently, and a number of such cases are now pending on writs of error, which have been granted.

In view of this fact, we have not attempted any construction of either of said acts, since it is clear to us that defendant in error is entitled to half of the land and plaintiff in error to the other half, without reference to what interpretation may at some future day be given to either or both of the acts referred to.

We recommend that the judgment of the Court of Civil Appeals and the district court be reversed, and that the case be remanded to the latter court, with instruction to enter a decree of partition of the property in accordance with this opinion, said partition to be made with due regard to the character of the property, and in such way as may be found to be in harmony with the statute and the principles of equity applicable to such proceeding.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.