### REPUBLIC NATURAL GAS CO. v. HUDDLESTON.

### No. 10275.

Court of Civil Appeals of Texas. San Antonio.

Sept. 21, 1938.

Rehearing Denied Oct. 19, 1938.

J. Turner Vance, of Refugio, and B. D. Tarlton, of Corpus Christi, for appellant.

Hobart A. Huson, of San Antonio, and James A. Steele, of Rockport, for appellee.

MURRAY, Justice.

Emma Huddleston instituted this suit in the District Court of Refugio County against Republic Natural Gas Company, seeking an injunction prohibiting the gas company from permitting· salt water and other fluids to flow from its oil wells upon and near certain lots owned by her and located in the City of Refugio. She also sought the recovery of $2,999.00 as damages for injuries to her property theretofore caused by allowing salt water and other refuse to flow upon and near her premises.

The gas company answered setting up many defenses, among them limitation as to all damages theretofore occasioned by the salt water and other refuse from the oil wells operated by it, and further pleading that no injunction be issued but that in the event the court should find that Emma Huddleston was entitled to the injunctive relief prayed for that a money judgment be substituted therefor, as it was amply able to answer in damages and that the issuing of an injunction would cause it great loss as it would require it to shut down its oil wells.

The trial was to the court without the intervention of a jury. The court found, among other things, that Emma Huddleston was entitled to an injunction abating the nuisance caused by the salt water, but that in view of the fact that the Mayor of the City had proposed to dig certain drainage ditches and in view of the further fact that the gas company had asked for a money judgment in lieu of the injunction, that none would issue, but instead thereof, judgment would be entered in favor of Emma Huddleston and against the

gas company in the sum of $625. From this judgment the gas company has prosecuted this appeal.

The question here presented is whether or not appellant gas company having asked the court as a matter of equity not to issue an injunction, but to substitute therefor a money judgment for damages, can now be heard to contend that the damages were and are barred by the statute of limitation.

We are of the opinion that when appellant invoked the equitable powers of the court by asking that no injunction be issued, even though appellee be entitled to one because of the irreparable damages such an injunction would cause appellant, to-wit, the closing down of its oil wells, it thereby estopped itself to plead that the damages it offered to pay in lieu of the injunction were barred by the statutes of limitation.

Appellant having invited the trial court to enter the judgment which was entered is not now in a position to complain.

In United States & M. T. Co. v. Delaware W. C. Co., Tex.Civ.App., 112 S.W. 447, it is said [page 461]: "No principle is better settled than that he who would escape the rigors of the law, by a resort to equity, must not himself invoke the rules from which he flees." See, also, 3 C.J. p. 718, sec. 618; San Antonio Ry. Co. v. Gurley, Tex.Civ.App., 44 S.W. 865, affirmed 92 Tex. 229, 47 S.W. 513; Bunn v. City of Laredo, Tex.Civ.App., 208 S.W. 675, affirmed Tex.Com.App., 245 S.W. 426; Efron v. Burgower, Tex.Civ.App., 57 S.W. 306.

The above conclusion renders all other questions presented immaterial.

The judgment is affirmed.